OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of the Court of Claims and the order of the Appellate Division brought up for review should be reversed, with costs, the original judgment reinstated, and the matter remitted for a review of the facts.
 

 Claimant, Kevin Killeen, a severely retarded 23 year old, was a patient at Kings Park Developmental Center, a State mental hospital. He was placed in a supervised therapy program, known as a normalization program, designed to familiarize patients with daily living conditions for the ultimate purpose of having the patients live outside an institution in a homelike environment. The decision to place Kevin in such a program was a medical judgment for which no liability may be imposed
 
 (Cameron v State of New York,
 
 37 AD2d 46,
 
 affd
 
 30 NY2d 596). While participating in the program, Kevin accidentally caused a covered pot of hot water, which was on a table and which was used to demonstrate the preparation of coffee and tea, to overturn resulting in his being severely burned.
 

 The Court of Claims dismissed the claim brought on Kevin’s behalf. On appeal, a divided Appellate Division reversed, on the law, directed entry of judgment on the issue of liability and remitted for an assessment of damages. The State appeals from the judgment entered on remission (CPLR 5601 [d]). We reverse.
 

 The State owes patients in its institutions a duty of reasonable care to protect them from injury, whatever the source
 
 (e.g., Comiskey v State of New York,
 
 71 AD2d 699). This does not, however, render the State an insurer or require it to keep each patient under constant surveillance
 
 (Hirsh v State of
 
 
 *852
 

 New York, 8
 
 NY2d 125, 127). The degree of care owed is commensurate with the patient’s capacity to provide for his or her own safety
 
 (Zophy v State of New York,
 
 27 AD2d 414,
 
 affd
 
 22 NY2d 921; 1 NY PJI2d 128-130).
 

 In our view, there are certain risks inherent in any therapeutic program, especially, as in this case, one which is designed to provide a normal homelike setting. Under these conditions, the use of a covered pot of boiling water to demonstrate the manner of preparing coffee or tea is not negligence per se
 
 (see,
 
 Restatement [Second] of Torts §§ 283, 285).
 

 Since the Appellate Division’s reversal was predicated on the law alone, the matter should be remitted to that court for a review of the facts in conformity with CPLR 5613.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
 

 Judgment appealed from and order of the Appellate Division brought up for review reversed, with costs, original judgment reinstated, and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.