■ RAPHAEL KILLEEN, Respondent, v STATE OF NEW YORK, Appellant.—In a claim to recover damages for personal injuries, etc., due to the alleged negligence of the State of New York, the claimants appeal from a judgment of the Court of Claims (Rossetti, J.), entered November 23, 1982, which dismissed the claim at the close of trial. By decision and order dated November 14, 1985, the Court of Appeals (1) reversed a judgment dated March 25, 1985 in favor of the claimants, (2) reversed an order of this court dated September 10, 1984 *(see, Killeen v State of New York,* 104 AD2d 586), which reversed, on the law, the judgment of the Court of Claims (Rossetti, J.), entered November 23, 1982, dismissing the claim, and directed the Court of Claims to enter a judgment in favor of the claimant on the issue of liability and to make an assessment of damages, and (3) reinstated the judgment of the Court of Claims entered November 23, 1982, and (4) remitted the matter to this court for a review of the facts *(Killeen v State of New York,* 66 NY2d 850).

Ordered that the judgment entered November 23, 1982 is affirmed, without costs or disbursements.

This court reviewed the facts on the claimant's appeal from the judgment of the Court of Claims entered November 23, 1982. At that time it was determined that there was no dispute with regard to the factual findings of the Court of Claims *(see, Killeen v State of New York,* 104 AD2d 586, 587, *supra).* In view of this determination and the statement of the Court of Appeals that the State's actions did not constitute negligence per se, the judgment of the Court of Claims, entered November 23, 1982, is affirmed. Mangano, J. P., Weinstein and Kooper, JJ., concur.

Lawrence, J., dissents and votes to reverse the judgment, on the facts, and remit the matter to the Court of Claims for the entry of judgment in favor of the claimants on the issue of liability and damages, with the following memorandum in which Eiber, J., concurs.

The undisputed facts as to the occurrence of the accident were set forth in our earlier decision as follows *(see, Killeen v State of New York,* 104 AD2d 586): "Kevin Killeen had been

diagnosed as suffering from severe mental retardation due to encephalopathy, with a maximum mental age of four years and one month. Throughout his life he had been placed in various institutions and programs for the mentally disturbed. In September, 1978, at the age of 23, Kevin was admitted to the Kings Park Unit of the Suffolk County Development Center. Thereafter, in September, 1979, he was placed in the center's 'normalization' or 'model apartment' program, which consisted of four or five patients with two staff members attending a two-hour session in a three- and one-half room apartment. The goal of the program was to familiarize the patients with a home-like environment and to teach skills which would enable them to live outside the institution in a household setting. On November 14, 1979, as part of the program, the patients were to have a morning snack at the dining room table. A supervising staff member had boiled water on the stove for the patients' tea or coffee. She then brought the pot of water to the dining room table, which was covered with a table cloth, and placed it on a trivet, three to four inches from the edge of the table. The patients came to the table, whereupon Kevin immediately sat down, and was told to stand up for the blessing of the food. As he began to stand, the pot fell over (either because he pulled the tablecloth or pushed the table) and the water spilled on Kevin's lap and legs, causing second degree burns." Despite the fact that the circumstances of the accident were not in question, the factual inferences to be drawn therefrom were clearly subject to dispute. While the Court of Appeals has held that the use of the covered pot of boiling water was not negligence per se *(see, Killeen v State of New York,* 66 NY2d 850, *supra),* nevertheless, I conclude that a finding of negligence is warranted based upon the facts. At the time the supervisor placed the pot of hot water on the dining room table, the residents were not in the room. It was clearly foreseeable that if reasonable care was not exercised in the ensuing process of having residents come to the table for their snack, the pot could be tipped over and its contents spilled, thereby injuring a resident, which is what occurred in this case.

Accordingly, I vote to reverse the judgment, on the facts, and remit the matter to the Court of Claims for the entry of a judgment in favor of the claimants on the issue of liability and damages.