█ RENEE KUSTER, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 70727.)—In a claim to recover damages for personal injuries, the claimant appeals, on the ground of inadequacy, (1) from a judgment of the Court of Claims (Orlando, J.), dated April 26, 1988, which is in her favor and against the State in the principal sum of $100,000, and (2) from an amended judgment of the same court, dated June 3, 1988, which is in her favor and against the State in the principal sum of $134,000 ($100,000 for pain and suffering and $34,000 for medical expenses), and the State cross-appeals from the amended judgment.

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is affirmed, without costs or disbursements.

The claimant had a lengthy history of psychiatric problems for which she took a certain medication. The Court of Claims apparently credited the testimony of the claimant who stated that on February 28, 1985, feeling depressed, she went to the Creedmoor Psychiatric Center in Queens, where she explained to a doctor that she needed some of the medication that she had been taking and she could no longer afford to purchase the medication. The physician told the claimant's daughter, who had accompanied her, that the claimant would have to be admitted to the facility. After approximately 30 minutes, the claimant was told to enter a treatment room wherein there were 4 or 5 female nurses. Upon entering the room, she saw a nurse preparing a needle and started screaming that she did not want a needle. Suddenly, a heavy-set man came from behind the claimant and knocked her down, causing her left knee to strike the ground. The record indicates that the man who caused the claimant to fall to the ground weighed approximately 300 pounds. The claimant suffered a fracture of the left lateral tibial plateau which required open reduction surgery.

"The State owes patients in its institutions a duty of reasonable care to protect them from injury, whatever the source * * *. The degree of care owed is commensurate with the patient's capacity to provide for his or her own safety" *(Killeen v State of New York,* 66 NY2d 850, 851-852). Pursuant to

Mental Hygiene Law § 33.04 (e), "[i]f an emergency situation exists in which the patient is engaging in an activity that presents an immediate danger to himself or others and a physician is not immediately available, *restraint may be effected only to the extent necessary to prevent the patient from injuring himself or others* at the direction of the senior member of the staff who is present" (emphasis supplied). Our review of the record indicates that the Court of Claims properly determined that the aide who caused the claimant to fall to the ground exceeded the reasonable degree of restraint needed to prevent the patient from injuring herself.

In addition, we do not find the award of $100,000 for pain and suffering inadequate. Mangano, J. P., Bracken, Kunzeman and Spatt, JJ., concur.