■ LAWRENCE J. CONDON, Appellant, v STATE OF NEW YORK, Respondent. [597 NYS2d 531] —Weiss, P. J. Appeal from a judgment in favor of the State, entered January 29, 1992, upon a decision of the Court of Claims (E. Margolis, J.).

Claimant, an inmate at Clinton Correctional Facility in Clinton County, slipped and fell while walking on the icy surface of the track around the perimeter of the recreation yard. Contending that the State was negligent in its maintenance of the recreation yard, in failing to warn of the danger and in permitting its use when hazardous, this claim was brought to recover damages for the personal injuries sustained as a result of the fall. Following a trial, the Court of Claims found that claimant failed to prove a prima facie case and dismissed the claim. Specifically, the court found that claimant failed to prove not only that the area on which he fell was dangerous, but also that the danger present was in any way unique or exceptional in light of the conditions prevailing in the rest of the recreation yard during the winter months.

On appeal claimant argues that the Court of Claims erred on both the law and the facts. In our disagreement with that argument we start with the premise that while the State is under a duty to take every reasonable precaution to protect those who are in its institutions, it is not an insurer against any injuries which might occur (Killeen v State of New York, 66 NY2d 850, 851; Casella v State of New York, 121 AD2d 495). There is now imposed on owners and occupiers of land a single duty of reasonable care under all the circumstances which duty is defined by the risks reasonably foreseen (Basso v Miller, 40 NY2d 233, 240-241). Thus, as a landowner, the State must act reasonably to maintain its property " 'in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of

the injury, and the burden of avoiding the risk' " *(supra,* at 241, quoting *Smith v Arbaugh's Rest.,* 469 F2d 97, 100; *see, Miller v State of New York,* 62 NY2d 506, 513; *Preston v State of New York,* 59 NY2d 997, 998).

The proof showed that claimant fell on an unpaved area. A correction officer testified that the area was checked daily and that sand was applied if extremely slippery or if a complaint had been made. Claimant failed to show that the surface was abnormally dangerous or differed significantly from the condition of any outdoor field in winter, or that the State had, or should have had, notice of a dangerous condition. The testimony of two other correction officers read into evidence showed that the specific area of the fall was not usually cleared of snow because it became hard packed from use by inmates, nor was sand or other abrasive usually applied. In sum, claimant failed in his burden of proving that the State failed to exercise due care to correct a dangerous condition it knew or should have known existed in the exercise of reasonable care *(see, Goldman v State of New York,* 158 AD2d 845, *appeal dismissed* 76 NY2d 764; *Marcellus v Littauer Hosp. Assn.,* 145 AD2d 680, 681).

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.