■ Louis F. Bowers, Appellant, v State of New York, Respondent. [660 NYS2d 751] —Carpinello, J. Appeal from a judgment of the Court of Claims (McMahon, J.), entered April 27, 1995, upon a decision of the court following a bifurcated trial in favor of the State on the issue of liability.

While an inmate at Clinton Correctional Facility in Clinton County, claimant sustained injuries when he fell in the prison's north yard. According to claimant, "while attempting to cross an area that was not ditched properly and had created a very muddy, slippery area, he slipped and fell". He commenced this action alleging, *inter alia*, that the State was negligent in its maintenance of the yard by failing to provide for proper water drainage. Following a bifurcated trial, the Court of Claims found that claimant failed to demonstrate that the State was negligent and dismissed the claim, prompting this appeal.

We affirm. Although not an insurer against any injury which might occur on its property, the State is under a duty to take every reasonable precaution to protect those who are in its institutions (*see, Condon v State of New York*, 193 AD2d 874). Specifically, as a landowner, the State must act reasonably to maintain its property in a reasonably safe condition in view of all the circumstances (*see, Miller v State of New York*, 62 NY2d 506, 513; *Preston v State of New York*, 59 NY2d 997, 998; *Basso v Miller*, 40 NY2d 233, 241). Although this Court's inquiry is not limited to whether the verdict is against the weight of the evidence and may factually access whether the judgment is

warranted (*see, Lewis v State of New York*, 223 AD2d 800, 801; *Freund v State of New York*, 137 AD2d 908, 909, *lv denied* 72 NY2d 802), we find no basis to disturb the Court of Claims' conclusion that claimant failed to prove by a preponderance of the evidence that the State was negligent (*cf., Montross v State of New York*, 219 AD2d 845).

Although claimant testified at trial that he fell in a "mud hole" covered with moss, Correction Officer Scott Benware and Correction Sergeant Robert Sweeney testified that the area actually contained sand. Moreover, although Benware and Sweeney noticed that the area was damp at times, neither ever found it to be muddy or covered with moss. Leon Clodgo, the facility's maintenance supervisor at the time of the incident, also acknowledged that an area of the north yard became wet or damp at times, but estimated the width of same was miniscule (8 to 12 inches) and that inmates could easily step over it. Clodgo further denied ever observing any moss growing in the area where claimant fell or receiving any complaints about this area.

Significantly, the weather on the day of the incident was generally clear and, in fact, very little rain had fallen in the preceding week. Moreover, despite the daily activity in this area of the yard by hundreds of inmates, no comparable falls were shown to have occurred or complaints made to indicate that this area constituted a dangerous condition. Under these circumstances, claimant failed to establish by a preponderance of the evidence that the State failed to maintain the yard in a reasonable safe condition under the circumstances (*see, Basso v Miller, supra*).

White, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.