■ In the Matter of the Claim of FREDERICK C. BOETTCHER, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 89622.) [681 NYS2d 685] —Graffeo, J. Appeal from a judgment of the Court of Claims (King, J.), entered August 22, 1997, upon a decision of the court in favor of the State.

Claimant injured his left ankle after falling on a walkway located on the campus of the State University at Albany in the City of Albany. He subsequently filed a claim against the State, alleging that it had been negligent in its failure to maintain the walkway in a safe condition. The claim was dismissed following trial, giving rise to this appeal.

Like all landowners, the State owes a duty to individuals who enter upon its property to maintain the property in a reasonably safe condition under the prevailing circumstances (*see, Basso v Miller*, 40 NY2d 233, 240-241). The State is not, however, under an obligation to insure against every injury incurred thereon (*see, Killeen v State of New York*, 66 NY2d 850, 851; *Condon v State of New York*, 193 AD2d 874, 875). Applying these precepts to the facts of the instant matter, we conclude that claimant failed to prove by a preponderance of the evidence that the State negligently maintained the walkway where he fell. Evidence presented at trial established that claimant's fall occurred shortly after noon on January 24, 1994 on the walkway near the library. Approximately 11½ inches of snow had fallen on January 17 to 18, 1994, with trace amounts falling on the subsequent dates of January 19, 22, 23 and 24, 1994. Temperatures remained below the freezing point from the time of the storm until the day of claimant's accident.

Contemporaneous photographs of the area show tire tracks and snowbanks, indicating that measures had been taken by the school's grounds crew to clear the walkway of snow after the storm, although a significant portion of the walkway remained under a 1 to 2-inch layer of packed snow. Trial testimony demonstrated that complete snow removal is often impossible in this area due to the roughened surface of the concrete walk and the "wind tunnel" effect caused by the unique architecture of the campus which, under winter conditions, frequently causes persistent drifting snow. Evidence adduced at trial further disclosed that claimant fell in a high-traffic area where thousands of persons had walked on the packed snow cover on the day of the accident.

Upon our review of the record, we find no basis to disturb the Court of Claims' finding that there was insufficient evidence to establish that the State failed to exercise reasonable care in maintaining the campus walkway in light of the prevailing conditions.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.