◼ JOHN COVINGTON, Appellant, v STATE OF NEW YORK, Respondent. [863 NYS2d 852]—

Rose, J. Appeal from a judgment of the Court of Claims (Collins, J.), entered July 20, 2007, upon a dismissal of the claim at the close of proof.

Claimant, an inmate at Great Meadow Correctional Facility in Washington County, commenced this action in September 2005 claiming damages he allegedly sustained as the result of a mouse bite on his left big toe. Following the close of proof in a trial on the matter, the Court of Claims granted defendant's motion to dismiss. Claimant appeals and we affirm.

While defendant is not an insurer against every injury that

might occur on its property, it bears a duty to maintain its property in a reasonably safe condition in view of all of the circumstances, including the likelihood and seriousness of a potential injury and the burden of avoiding such risk (*see Preston v State of New York*, 59 NY2d 997, 998 [1983]; *Bernard v State of New York*, 34 AD3d 1065, 1067 [2006]; *Bowers v State of New York*, 241 AD2d 760, 760 [1997]; *Condon v State of New York*, 193 AD2d 874, 874-875 [1993]). In contrast to claimant's claims that the cell block in which he was housed was infested with rodents, defendant presented the testimony of the plant superintendent of Great Meadow, who explained that the facility contracted with an outside exterminator who visited the facility weekly and treated all of the common areas, as well as individual cells that had been reported by inmates to have had problems. In addition, defendant submitted service reports from the pest control company from January 2005 and February 2005, just prior to claimant's alleged injury, describing the extermination procedures employed, which included the placement of glue boards in claimant's cell block for the purpose of catching mice. Thus, we find ample evidence in the record to support the Court of Claims' determination that claimant failed to prove that defendant was negligent (*see Bowers v State of New York*, 241 AD2d at 761).

We have examined claimant's remaining claims and find them to be without merit.

Cardona, P.J., Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.