Archer v State of New York (2024 NY Slip Op 50773(U))

[*1]

Archer v State of New York

2024 NY Slip Op 50773(U)

Decided on April 18, 2024

Court Of Claims

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 18, 2024
Court of Claims

Sabir Archer, Claimant

against
The State of New York, Defendant.

Claim No. 131153

Claimant's attorney:
SABIR ARCHER
Pro Se
Defendant's attorney:
HON. LETITIA JAMES
Attorney General for the State of New York
By: C. Harris Dague, Assistant Attorney General

Walter Rivera, J.

The trial of this claim was heard on April 16, 2024 via video-conferencing technology.
The claim alleges that at approximately 9:18 p.m. on January 6, 2018, during claimant's incarceration at Eastern NY Correctional Facility (Eastern), claimant slipped and fell on black ice in the recreation yard, in front of the armory door adjacent to the telephone area used by incarcerated individuals (Claim, ¶ ¶ 2, 4). The claim further alleges that the State was negligent in its duty to maintain the area in a reasonably safe condition, free from hazards, and that such negligence was a proximate cause of claimant's fall and resulting injuries to his lower lumbar region and spine (id. at 3, 9).
Claimant testified that on January 6, 2018, he walked from his housing unit to the armory. En route, claimant walked past the telephones in the recreation yard that were adjacent to the armory door.[FN1]
Claimant entered through the armory door between 6:20 p.m. and 6:40 p.m. Thereafter, between 7:00 p.m. and 7:30 p.m., claimant exited through the armory door and proceeded to the telephone area that he had previously walked past en route to the armory. Claimant made a telephone call and then walked back into the armory through the armory door. 
At approximately 9:18 p.m., claimant exited through the armory door to proceed back to his housing unit. Claimant slipped and fell on a patch of black ice on the blacktop outside the armory door. Claimant described the blacktop outside the armory door as extending 15 to 20 feet from the armory door to the grassy area depicted in Exhibit H (see also Ex. F). Claimant further testified that he fell on a patch of black ice that was on the blacktop located approximately halfway between the armory door and the grassy area.
According to claimant, he did not observe the black ice prior to his fall and he noticed it only after he had fallen and was laying on the ground. Claimant also noted that he had not traversed that particular area of blacktop prior to his fall. On cross-examination, claimant acknowledged that black ice by its very nature is translucent and would not be visible on the blacktop in the location of his fall. Claimant remained on the ground until an ambulance arrived and transported him to Ellenville Regional Hospital.
At the conclusion of claimant's case, the State moved to dismiss the claim for claimant's failure to establish a prima facie case. Claimant opposed the motion. The Court reserved decision on the motion.
The State then presented the testimony of Sergeant Ryan Wilson who was working as a correction officer during the 3:15 p.m. to 11:30 p.m. tour of duty on the date of claimant's accident. Wilson had been a correction officer assigned to Eastern since 2014 and was later promoted to the rank of Sergeant in 2022. Wilson testified that, during winter, the State used "tons of salt" and sand to clear the areas used by incarcerated individuals in the recreation yard and that salt is applied even where there is merely a chance of snow (Trial Audio Recording).
Wilson testified that on the date of the accident, he responded to the location of claimant's [*2]fall and took photographs of the area.[FN2]
Wilson observed exposed, bare blacktop pavement that was not covered with snow. He also testified that he observed salt on the blacktop in the area of claimant's fall. Wilson did not observe any hazardous condition in the area. Wilson described the area in front of the armory door where claimant fell as a critical location where the State is always salting and sanding. Wilson did not, however, offer any specific testimony as to the time and manner of salting, sanding or clearing the area in issue prior to claimant's fall. 
At the conclusion of the trial, the State renewed its motion to dismiss the claim and claimant renewed his objection to the motion. The Court reserved decision on the motion.

 Analysis
It is well established that "[t]he State - - just as any other party . . . is responsible, in the operation and management of its schools, hospitals and other institutions, only for hazards reasonably to be foreseen, only for risks reasonably to be perceived" (Flaherty v State of New York, 296 NY 342, 346 [1947]) and with respect to the safety of persons on its property, the duty of the State is one of maintaining the property in a reasonably safe condition in view of all the circumstances (see Preston v State of New York, 59 NY2d 997, 998 [1983]; Bowers v State of New York, 241 AD2d 760 [3d Dept 1997]). The State is not an insurer of the safety of its premises and negligence cannot be inferred solely from the occurrence of an accident (see Killeen v State of New York, 66 NY2d 850 [1985]; Condon v State of New York, 193 AD2d 874, 875 [3d Dept 1993] [State not liable for claimant's fall on ice while walking on an unpaved track around the recreation yard at Clinton Correctional Facility where claimant failed in his burden of proving that the State failed to exercise due care to correct a dangerous condition it knew or should have known existed in the exercise of reasonable care]). Negligence must be proven (see Mochen v State of New York, 57 AD2d 719 [4th Dept 1977]). 
In order to prevail on his claim, claimant has the burden of proving, by a preponderance of the credible evidence, that the State breached its duty of care by either creating a dangerous condition or by failing to timely and reasonably address a dangerous condition of which the State had either actual or constructive notice and that such condition was a proximate cause of claimant's accident and resulting injuries (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Williams v State of New York, 140 AD3d 1376 [3d Dept 2016] [State not liable for slip and fall on ice in correctional facility parking lot where there was no evidence that the ice was present for a sufficient length of time to permit the State to become aware of the condition and remedy the situation]).
Upon consideration of all the evidence presented at trial, including the exhibits received in evidence, and listening to the witnesses and observing their demeanor as they testified, the Court makes the following findings. The Court finds that claimant was forthright and credible in his testimony. However, claimant failed to meet his burden of proving, by a preponderance of the credible evidence, that the State breached its duty of care by either creating a dangerous condition or by failing to timely and reasonably address a dangerous condition of which the State had either actual or constructive notice and that such condition was a proximate cause of [*3]claimant's accident and his resulting injuries (Williams, 140 AD3d; Condon, 193 AD2d). In that regard, claimant's own testimony establishes that, prior to his fall, he did not observe any black ice in the area of his fall. The Court further notes that claimant did not offer any testimony as to the size of the patch of black ice that purportedly caused his fall or whether there were multiple "sizeable patches of ice impeding the walkway, which [were] not salted or sanded to allow for proper footing or traction," as alleged in the claim (Claim, ¶ 4). Aside from claimant's testimony that it was cold outside on the night of the incident, the Court is without any evidentiary basis for finding that the patch of black ice in issue existed for a sufficient length of time prior to claimant's accident. Accordingly, the Court finds that the State lacked actual or constructive notice of the patch of black ice in issue. Absent the State's notice of a potentially dangerous patch of black ice in the area of claimant's fall, the State cannot be held liable for claimant's accident on the basis of negligence for failing to timely remedy such condition prior to claimant's fall (see Williams, 140 AD3d; Condon, 193 AD2d). 
Accordingly, the Court GRANTS the State's motion to dismiss the claim, made at the conclusion of the trial, for claimant's failure to establish a prima facie case.
LET JUDGMENT BE ENTERED DISMISSING CLAIM NO. 131153.

Footnotes

Footnote 1:A photograph of the area depicts the telephones that claimant walked past on the right side of the photograph (Ex. H). 

Footnote 2:The photographs were not produced at trial because they could not be located. According to Wilson, the filing system was upgraded since the accident and some documents, such as the photographs, had been lost.