Public Administrator of the County of New York, as
Administrator of the Estate of George H. Pierre, Deceased,
Respondent, *v.* State of New York, Appellant. (Claim
No. 30337.)

Third Department, November 16, 1955.

*Jacob K. Javits, Attorney-General* (*John R. Davison* and
*James O. Moore, Jr.,* of counsel), for appellant.

*B. Hoffman Miller* and *Hyman H. Smith* for respondent.

FOSTER, P. J. Appeal by the State from a judgment of the Court of Claims in favor of the Public Administrator of the County of New York, in the sum of $9,187.50, for the death of an inmate of the Kings Park State Hospital.

Decedent had been transferred from Bellevue Hospital to the Kings Park State Hospital for care and treatment as a mentally ill person afflicted with schizophrenia. He was also diagnosed as suffering from dementia praecox. Apparently he got along fairly well until on June 1, 1948, he was subjected to an interview, in the presence of a hospital physician, by an inspector of the Bureau of Immigration who told him he was liable to deportation to Trinidad, the country of his nativity. After this his behavior was such he was placed under close observation and not permitted to leave the building in which he had been assigned. This meant that he could not go with other patients to another building where they had their meals.

Some four months later he requested, through the medium of a supervising nurse, from the physician then in charge permission to leave the building and eat with the other patients. The physician in charge was informed of the restrictive order issued by the other physician in June, and he interviewed decedent. Thereafter he allowed decedent to go to the dining hall with other patients.

On the first occasion that he went to the dining hall decedent had his lunch, and then ran through an open doorway, past two guards, one stationed inside and one outside of the doorway. His escape was immediately noticed and he was pursued by attendants, but they were unable to catch him and soon lost sight of him. A short time later he was found on the ground near one of the buildings, suffering from injuries from which he soon died. Presumably he fell or jumped from a considerable height.

Liability was found against the State mainly on the theory that decedent was granted permission to eat in the common dining room without an adequate examination of the decedent and his hospital record by the physician in charge. The record is without medical proof to support that theory. No one testified that the physician in charge did not give proper attention to the problem, which was essentially a medical or psychiatric matter. There is therefore no basis for holding that the physician in charge committed more than an honest error of judgment. For such an error the State is not liable. (*St. George* v. *State of New York,* 283 App. Div. 245, affd. 308 N. Y. 681).

The court below also found the State was negligent in supervising decedent at the time he fled. The evidence shows that two attendants were at the doorway, two attendants moving about the dining room and an unspecified number of attendants bringing in other patients. There is no testimony that the number of attendants was inadequate, but more important there is no proof that any number of attendants could have prevented the sudden and unexpected act of escape on the part of decedent. The finding of negligence on this score was unwarranted. (*Di Fiore* v. *State of New York,* 275 App. Div. 885.)

The judgment should be reversed and the claim dismissed.

BERGAN, COON, HALPERN and ZELLER, JJ., concur.

Judgment reversed, and claim dismissed.