Bernard Ryan, P. J.
Well, I think, Mr. Lawrence, I may as well say a few things right now. You referred to the Dow* case. Of course, I want to be consistent with prior decisions which I have made. My recollection is that both the diagnosis and the record case history in the Dow case were quite different from the situation we have here. You have the case in front of yon. I do not. I am only relying on my recollection. My recollection is, also, that my reference to Dr. Worthing’s discussion of shock therapy, which at that time, which I estimate was about 10 or 12 years ago, was not as widely practiced as it is now — Dr. Worthing having been a pioneer in the United States on the discussion of the treatment, which was instituted in Europe — my recollection is that my reference to his paper was to point out thatq.li the Dow case shock therapy had been indicated and recommended and consented to with the possibility of that particular patient being aided by shock therapy as bearing on the question of his remission and return to society and whether or not that related to the damages, if I found liability.
Every case has to be decided upon its own facts. There are cases in the books in which, probably, you will find that this court has held that lack of number of attendants, a certain number in certain instances, has been the basis of negligence found against the State in the administration of these institutions under the care of the Department of Mental Hygiene. However, in this case, it seems to me that the record here cannot be said to sustain a finding of negligence. After all, whether it is a custodial institution, such as the Mental Hygiene Department directs, or whether it is a correctional institution, where a man who has offended the laws is assigned to work on a stamping machine in the prison shop, or whether it is a State highway, where the Public Works Department has to maintain a road for traveling, the test is one of reasonable care. It is no different here. I think that under all the testimony here and the record here, you have failed to sustain the burden of establishing that the State failed in its duty of reasonable care to its ward, Thomas A. Maury. He was not a disturbed patient and was not found to be such and was not put in a disturbed ward. The testimony is that there was no indication of suicidal tendencies. The testimony further is that during the period of a few weeks at Marcy Hospital he had improved. And the *1009 testimony further is that his personal conduct, on the early morning of May 6, during the hours after midnight and before he was found dead at 6:25 a.m., or whatever the time was, his conduct was not unusual. There was nothing that attracted the attention of the attendant as indicating that there was any unusual thing going to happen. There was no threat. There was no noise. There was no agitation in the ward, so far as this record shows.
If you wish to suggest findings as to dates and physical condition or whatever, you may have 10 days to submit such requests to find. I find — without repeating it — I find the date of the commitment for observation under the health officer’s certificate; I find that the State was in charge and operated this institution at the time; I find that there was only one attendant on night duty between the hours of midnight, May 5 and 6:25 a.m. in the morning of May 6; I find that the man died by hanging himself; I find that he was 43 years old, that he had the dependents of the ages which have been given in the testimony, without repeating each age at this time; I find his and their life expectancies were whatever the American Experience Table says they are estimated to be at the given ages; I find that the claimant here has failed to establish that the State failed in its duty of reasonable care, has failed to establish that the State was negligent and has failed to establish a cause of action against the State of New York.
Claim dismissed.

 Dow v. State of New York, 183 Misc. 674.