■ ANNA CARLINO, an Incompetent, by Her Guardian ad Litem, VINCENZA CARLINO, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 43488.)— AULISI, J. Appeal from a judgment entered February 16, 1967, upon a decision of the Court of Claims, which dismissed a claim for

damages due to a fall from an open and unbarred second-story window in the Pilgrim State Hospital. Claimant, a patient at the hospital, had originally been diagnosed as schizophrenic, catatonic type. The presence of epilepsy was also suspected, although no firm diagnosis had been made. She was assigned to an open ward and was being given daily dosages of melaril for tranquilizing purposes and dilantin for the prevention of convulsions. There were two principal versions of the events preceding the fall which occurred on the morning of July 31, 1963. Claimant testified that she had a conversation with Dr. Steinmetz in an office near her ward, obtained an honor card, went downstairs to get some soda, and returned to the second floor. She further stated that she was talking to another patient near a window at the end of the hall, leaning against the window with her face toward the hallway, when she began to feel dizzy and to lose control of her senses. She did not remember the fall itself. Dr. Steinmetz testified that he informed claimant that she was to be moved temporarily to a closed ward because her behavior was disturbing the other patients. He said that she became very upset and began yelling and screaming. As the doctor was writing the new instructions in his records, claimant ran to the window, which was between 35 and 50 feet from the office, and jumped out in an apparent suicide attempt. The trial court as the finder of fact chose to accept the testimony of Dr. Steinmetz. The State cannot be held liable for such an incident because the claimant had not previously exhibited any self-destructive or suicidal tendencies (*Brigante* v. *State of New York*, 33 N. Y. S. 2d 354, 359; *Estate of Maury* v. *State of New York*, 15 Misc 2d 1007). There was no proof that any number of attendants could have prevented the sudden and unexpected act on the part of the claimant, since the fall occurred shortly after her conversation with the physician (see *Public Administrator of County of N. Y.* v. *State of New York*, 286 App. Div. 573, as amd. 1 A D 2d 793). The State could not have provided an employee to watch every move made by the claimant (*Hirsch* v. *State of New York*, 8 N Y 2d 125). The placing of claimant in an open ward did not by itself amount to negligent conduct. A holding to the contrary would unnecessarily interfere with the carrying out of rehabilitative processes in State institutions (see *Seavy* v. *State of New York*, 21 A D 2d 445, 451, affd. 17 N Y 2d 675; *Higgins* v. *State of New York*, 24 A D 2d 147). Moreover, the court was not required to find negligence in the unbarring and opening of the window, in view of the expert testimony that such a procedure is generally accepted as an integral part of the open door policy. Assuming that the incident took place while claimant was experiencing the early symptoms of epilepsy, the court was not bound to rule that a fall of this nature could reasonably have been anticipated by the hospital authorities (see *McPartland* v. *State of New York*, 277 App. Div. 103, mot. for lv. to app. den. 302 N. Y. 950). Nor is the evidence conclusive, as claimant asserts, that a loss of senses could have been foreseen as a consequence of the medicines she was taking, since she had been receiving the same drugs for over three weeks without suffering any ill effects. At most, this dosage and the treatment and consultation generally involve possible errors in professional judgment, for which, in any event, the State could not be held liable (*St. George* v. *State of New York*, 283 App. Div. 245, affd. 308 N. Y. 681; *Taig* v. *State of New York*, 19 A D 2d 182; *Dennison* v. *State of New York*, 28 A D 2d 608, 609). Judgment affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.