■ FRED PETERSON, Appellant, v STATE OF NEW YORK, Respondent.—Main, J. Appeal from an order of the Court of Claims (Koreman, P. J.), entered June 19, 1986, which granted the State's motion for summary judgment dismissing the claim.

Claimant instituted this action to recover damages for his allegedly wrongful confinement to his cell in Clinton Correctional Facility as punishment for violation of a prison disciplinary rule. According to his claim, he suffers from raised arches in his feet and requires orthopedic shoes. When claimant arrived at the facility, such shoes were not available for him, and he was given permission to wear shower slippers

until such time as the shoes were available. He further alleges that the facility physician gave him permission to eat in his cell, exercise in the cell block and use the shower in the cell block. On January 13, 1986, he was charged with being out of place because he had not reported to his job in one of the facility shops. As a result, he was confined to his cell for 30 days. It is claimant's contention that he could not report for his job because he did not have shoes and could not work in the shop without shoes. He has alleged claims for malicious segregation, false imprisonment and negligence. The State did not answer the claim, but instead moved for summary judgment and the Court of Claims granted the motion.

We are of the opinion that the Court of Claims was without authority to grant the State's motion for summary judgment. The State was required to serve an answer to the claim in this case (see, 22 NYCRR 206.7 [a] [which requires that an answer be served to all claims except appropriation claims on or after Jan. 1, 1976]; 19A Carmody-Wait 2d, NY Prac § 120.34, at 803). Moreover, procedural matters not covered by the Court of Claims Act or Rules are to be governed by the CPLR (22 NYCRR 206.1 [c]; see, Court of Claims Act § 9 [9]), and CPLR 3212 (a) provides that a summary judgment motion is to be made after issue has been joined. The requirement that issue be joined before a summary judgment motion is made is to be strictly adhered to (City of Rochester v Chiarella, 65 NY2d 92, 101). Thus, if an answer has not been interposed, issue has not been joined, and a motion for summary judgment made before an answer is interposed is premature and should be denied (Schoenborn v Kinderhill Corp., 98 AD2d 831; see, Republic Natl. Bank v Luis Winston, Inc., 107 AD2d 581, 582; Miller v Nationwide Mut. Fire Ins. Co., 92 AD2d 723). Since the State was required to serve an answer in this case, and since it made its motion for summary judgment before serving an answer, the motion was premature and should have been denied. Having so determined, we decline to address the merits of the State's motion.

Even if the State's motion was not premature, denial of the motion would have been appropriate. In support of its motion for summary judgment, the State submitted only an attorney's affidavit. There is no affidavit by a person having personal knowledge of the facts (see, Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338); indeed, the supporting affidavit does not even purport to set forth the material facts, as is required by CPLR 3212 (b). Under these circumstances, the State's motion was

patently insufficient to merit the grant of the drastic remedy of summary judgment.

Order reversed, on the law, with costs, and motion denied. Main, Weiss and Levine, JJ., concur.

Mahoney, P. J., and Kane, J., dissent and vote to affirm in a memorandum by Kane, J. Kane, J. (dissenting). We respectfully dissent, as we disagree with the majority that the State's motion should have been denied as premature. In our opinion, a review of the motion papers indicates that although the State's motion was formally denominated as a motion for "summary judgment", it was in actuality a motion to dismiss for failure to state a cause of action. This being the case, we elect to treat the motion as one made pursuant to CPLR 3211 (a) (7), which may properly be entertained prior to joinder of issue (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:12, at 432-433).

Turning to the merits, we conclude that the complaint should be dismissed since we have previously held that the State has not waived its sovereign immunity with regard to claims, such as this, arising out of the disciplining of inmates in the care and custody of the Department of Correctional Services pursuant to its disciplinary procedures (see, Arteaga v State of New York, 125 AD2d 916, lv granted 69 NY2d 608). Moreover, we note that claimant has failed to allege a cause of action for malicious segregation (see, Wilkinson v Skinner, 34 NY2d 53). The punishment imposed here, i.e., keeplock and loss of commissary and phone privileges, was imposed pursuant to Department rules, which comply with due process. Accordingly, we would affirm the order dismissing the claim.