■ WARRENSBURG BOARD AND PAPER CORPORATION, Appellant, v ADIRONDACK HYDRO DEVELOPMENT CORPORATION, Defendant, and LAQUIDARA, INC., Respondent.—Appeal from an order of the Supreme Court (Dier, J.), entered September 23, 1991 in Warren County, which denied plaintiff's motion for leave to serve an amended complaint.

Three years after plaintiff served its original complaint on defendants, plaintiff moved for leave to serve an amended

complaint. Only defendant Laquidara, Inc. specifically opposed this motion, which Supreme Court denied. Plaintiff now appeals. Absent significant prejudice to the opposing party, leave to serve an amended pleading should be freely granted *(see,* CPLR 3025 [b]; *Plattsburgh Distrib. Co. v Hudson Val. Wine Co.,* 108 AD2d 1043, 1044). The only prejudice alleged by Laquidara in its opposition papers is the increased damages that will result due to plaintiff's new causes of action. Prejudice cannot be found, however, simply because a party is exposed to increased liability *(see, Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23; *Dolan v Garden City Union Free School Dist.,* 113 AD2d 781, 785).

The affidavit by plaintiff's plant manager also indicates, contrary to Laquidara's contention, that the facts which form the basis of the new causes of action were not known to plaintiff until at least a year after the original complaint was served. In addition, the same affidavit also points out that defendants were made aware of these same facts at about the same time that plaintiff learned of them. Consequently, although plaintiff delayed in seeking leave to serve the amended complaint, this is not a barrier to the amendment as Laquidara can show neither prejudice nor surprise *(see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757; *Rutz v Kellum,* 144 AD2d 1017, 1018). Because Laquidara has failed to demonstrate prejudice, surprise or a tenable claim that the amendment lacks merit, we find that Supreme Court abused its discretion in denying plaintiff's motion *(see, Fahey v County of Ontario,* 44 NY2d 934; *Ramundo v Town of Guiderland,* 108 AD2d 995, 996).

Weiss, P. J., Mercure, Crew III, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.