■ MICHAEL LEIBACH, Appellant, v STATE OF NEW YORK, Respondent. [627 NYS2d 463] —Spain, J. Appeal from a judgment in favor of the State, entered February 4, 1994, upon a decision of the Court of Claims (NeMoyer, J.).

Claimant, an inmate at Greene Correctional Facility, a medium security facility in Greene County, sustained severe injuries when he was assaulted by a fellow inmate, Joseph Hann. The attack was witnessed by another inmate, Paul

Helmer. Prior to the attack, claimant and Hann were close friends and, along with Helmer, had excellent disciplinary records. Claimant had no notice or warning of the assault and Hann had no record of violent propensities. The attack was planned in secret and the correction staff was not aware of it.

The assault occurred on November 19, 1986 shortly after 11:00 A.M. in a building called the pole barn. On the morning of the assault, claimant was working on the snow removal crew and Hann was attending his regular program in the horticulture building which was instructed and supervised by Daniel Reo. Sometime after breakfast, Helmer informed claimant that Hann wanted to meet him behind the maintenance building later that morning.[1] Sometime after 11:00 A.M. Hann, while awaiting direction to go back to his dorm, slipped away from the horticulture building and made his way, with Helmer, to the maintenance building to meet claimant. The three inmates, at claimant's suggestion, then proceeded to the pole barn. Once inside, Hann and claimant argued after which Hann assaulted claimant with a metal pipe.

The pole barn, which was under construction, had been completely framed and had a poured concrete floor; it was still without doors on the day of the attack. The door frames were covered with plastic tarpaulin. Correction Officer Richard Vadney was assigned to the maintenance department on the day in question and the pole barn was within his zone of security.

Claimant commenced the instant action alleging, *inter alia,* that the State failed to provide adequate supervision and failed to adequately maintain the premises. Following a trial, the Court of Claims granted the State's motion to dismiss the claim. A judgment was entered. Claimant appeals.

With respect to its correctional facilities, this Court has recently stated that "the State has a duty to use reasonable care to protect its inmates from foreseeable risks of harm, including risks of attack by other prisoners" *(Colon v State of New York,* 209 AD2d 842, 843; *see, Kemp v Waldron,* 115 AD2d 869, 870; *Sebastiano v State of New York,* 112 AD2d 562).* In contrast, we have further stated that "[t]he State * * * is not an insurer of inmate safety, and negligence cannot be inferred solely from the happening of an incident" *(Colon v State of New York, supra,* at 843; *see, Padgett v State of New York,* 163 AD2d 914, *lv denied* 76 NY2d 711). Claimant

1. This was not an unusual request because the parties had previous private rendezvous, all of which were nonviolent.

had the burden of establishing that the State failed to provide adequate supervision to prevent that which could be reasonably foreseen (see, Flaherty v State of New York, 296 NY 342).

The opportunity and ability of Hann to slip away from Reo's supervision does not confer liability per se upon the State. In view of Hann's good disciplinary record and his involvement in the horticulture program for over 1,000 hours, without incident, Reo's lapse in supervision of Hann on the day of the attack cannot be considered unreasonable. Further, Vadney's supervision of the pole barn area was in accordance with facility policy[2] and not unreasonable under the circumstances. Additionally, claimant has failed to prove that the attack was foreseeable. Claimant admitted during the trial that it was reasonable that no one at the facility would expect Hann to assault him on that day because even he did not expect it.

We agree with the Court of Claims that "[b]eing unsupervised in the pole barn was not the proximate cause of this attack". Claimant's admission that he and Hann were involved in many unsupervised rendezvous in other areas of the facility, without incident, is significant. Hann did not need the cover of the pole barn to carry out the attack. Finally, claimant has failed to support his allegation that the State had notice that the pole barn constituted a dangerous situation. Absent such notice, unremitting supervision is unnecessary (see, Hirsch v State of New York, 8 NY2d 125; Padgett v State of New York, supra; Carlino v State of New York, 30 AD2d 987, 988). The Court of Claims correctly dismissed claimant's claim.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

2. Claimant has not challenged any of the policies and procedures that were in place at the facility on the day of the assault.