■ LEO MALOSSI et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 89054.) [680 NYS2d 305] —White, J. Appeal from a judgment of the Court of Claims (Collins, J.), entered September 18, 1997, upon a decision of the court following a bifurcated trial in favor of the State on the issue of liability.

Claimants commenced this negligence action following a fall by claimant Dolores Malossi (hereinafter claimant) on the terrazzo floor of the Empire State Plaza's Concourse located in the City of Albany. At the conclusion of the liability phase of the trial, the Court of Claims granted defendant's CPLR 4401 motion for judgment as a matter of law. Claimants appeal.

We affirm. In a slip and fall case, the plaintiff must show that the defendant landowner had either created a dangerous condition or that it had actual or constructive notice of the condition (*see, Dapp v Larson*, 240 AD2d 918; *Henness v Lusins*, 229 AD2d 873, 875). In this case, claimant ascribed her fall to the fact that the terrazzo floor was highly polished. As astutely noted by the Court of Claims, where, as here, there is no proof that wax or polish was negligently applied, the mere fact that a floor has been rendered slippery by the application of wax or polish does not constitute a dangerous condition (*see, O'Connor v ISS Intl. Serv. Sys.*, 228 AD2d 898; *Duffy v Universal Maintenance Corp.*, 227 AD2d 238).

Claimants nevertheless contend that the Court of Claims' determination is flawed due to its failure to consider their evidence that two or three other falls had occurred in the Concourse on the same day that claimant fell. While proof of other accidents is admissible to establish the existence of a dangerous condition, it must be shown that the physical conditions and circumstances of the other accidents were substantially

similar to the one at issue (Fisch, New York Evidence § 202, at 113 [2d ed]). Inasmuch as claimants did not adduce such proof, the Court of Claims did not err in not considering the other falls (*see, Weidemann v Knights of Columbus*, 199 AD2d 838). We further find that the Court of Claims properly disregarded the statements of the nurse who attended claimant since there was no proof that she had the authority to make statements that were binding on the State (*see, Williams v Waldbaums Supermarkets*, 236 AD2d 605). Therefore, since without proof of a dangerous condition there is no rational process by which the Court of Claims could base a finding in favor of claimants, the State's motion was properly granted (*see, Szczerbiak v Pilat*, 90 NY2d 553, 556).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.