■ JULIAN MELENDEZ, Appellant, v STATE OF NEW YORK, Respondent. [725 NYS2d 113] —Rose, J. Appeal from a judgment of the Court of Claims (Hanifin, J.), entered May 11, 1999, upon a decision of the court following a bifurcated trial in favor of the State on the issue of liability.

While standing in the courtyard of Southport Correctional Facility in Chemung County, claimant was injured on the evening of October 2, 1995, after dark, when he was struck by one of a rapid series of .22 caliber bullets fired at the facility's water tower by teenagers in a wooded area approximately one-half mile away. Claimant brought this action against the State for damages based, *inter alia*, on the State's failure to take sufficient measures to protect inmates from such stray gunfire. Following trial, the Court of Claims dismissed the claim on the grounds that the shots fired in the woods were not foreseeable and that the State had insufficient time to react to the danger prior to his injury. Claimant now appeals, and we affirm.

The State owes " 'a duty to use reasonable care to protect its inmates from foreseeable risks of harm' " (*Leibach v State of New York*, 215 AD2d 978, 979, quoting *Colon v State of New York*, 209 AD2d 842, 843). This does not mean that the State is thereby an insurer of inmate safety, and negligence will not be inferred from the mere occurrence of an accident (*see, Leibach v State of New York, supra*, at 979). Rather, a claimant must demonstrate a failure by the State to take minimal protective measures when it knows or has reason to know of the likelihood that a third party's conduct will endanger persons on its premises (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519; *Barksdale v Henry*, 228 AD2d 947, 948; *Adams v State of New York*, 210 AD2d 273, 274; *Provenzano v Roslyn Gardens Tenants Corp.*, 190 AD2d 718, 720). While a claimant need not demonstrate that the precise manner in which he or she was injured was foreseeable (*see, Mesick v State of New York*, 118 AD2d 214, 218, *lv denied* 68 NY2d 611), the resulting injury must still be shown to be a reasonably foreseeable consequence of the State's acts or omissions (*see, Schittino v State of New York*, 262 AD2d 824, 825, *lv denied* 94 NY2d 752; *Kalem v State of New York*, 213 AD2d 515, *lv denied* 86 NY2d 701).

Here, the Court of Claims found that the manner in which claimant's injury occurred was not foreseeable to the personnel

at the State's correctional facility, and we concur that this determination is supported by the evidence at trial (*see, A & S Trucking Serv. v New York State Thruway Auth.*, 268 AD2d 493, *lv denied* 95 NY2d 752). Facility personnel had responded to shots heard earlier in the evening by issuing bullhorn warnings from the guard tower and investigating by perimeter patrol. Although it was hunting season, the later series of shots which injured claimant occurred after dark when it could logically be inferred that target shooting and hunting would not occur. Also, the proof was undisputed that the shooter was far removed from the facility, the shots were fired at a distant water tower and they fell short onto the grounds of the facility. As there was no evidence that prior shooting incidents had ever actually resulted in bullets entering the facility or caused injury to personnel, the foreseeability of claimant's injury cannot be inferred merely from the State's use of standard procedures for warning off shooters and its general awareness that hunting took place in the woods nearby. Unlike in *Ernest v Red Cr. Cent. School Dist.* (93 NY2d 664), a case on which claimant relies, here the State took minimal protective measures commensurate with the foreseeable dangers. Accordingly, we conclude that trial evidence supports the findings by the Court of Claims that it was not foreseeable that shots would be fired after dark far from the facility which would injure a facility's inmate.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.