■ ERIC HELIODORE, Appellant, v STATE OF NEW YORK, Respondent. [759 NYS2d 554] —Peters, J. Appeal from a judgment of the Court of Claims (Bell, J.), entered January 8, 2002, upon a decision of the court in favor of defendant.

Claimant, an inmate at the Bare Hill Correctional Facility in Franklin County, slipped and fell while leaving his cell. He commenced this action alleging that his injuries were caused by the negligent mopping and cleaning of the floors in his dormitory. At trial, claimant testified that when he tried to sit up after his fall, he realized that the floor was wet and slippery; he saw no warning cones on the tier to indicate that the floor had recently been mopped. When opposing counsel attempted to use claimant's contrary deposition testimony on cross-examination, claimant's attorney objected by contending that the requisite 60-day period provided by CPLR 3116 (a) for correction and review had not expired. Over the objection of both attorneys, the Court of Claims permitted claimant to read and make corrections to the transcript without the assistance of counsel. When the trial resumed, claimant admitted, on cross-examination, that he had previously testified that he did not know what caused him to fall.

Correction Officer David Dwyer, the first to respond to the incident, testified that he observed claimant lying on the corridor, but that neither the floor nor claimant appeared to be wet. Although the Court of Claims found neither witness credible, it dismissed the claim by determining that claimant failed to establish that defendant had created a dangerous condition or had actual or constructive notice thereof. Claimant appeals.

Addressing claimant's first contention that it was error for the Court of Claims to have permitted claimant's deposition transcript to be used for cross-examination and that the procedure for correction was prejudicial, we find that, in light of the discrepancy as to whether claimant had the requisite review period provided in CPLR 3116 (a), the court properly exercised its discretion in permitting the correction at trial, even without the assistance of counsel. Notably, claimant's counsel had advised the court that he had reviewed the transcript with claimant over the telephone 10 days earlier, noted errors, yet failed to formally make the necessary corrections. Moreover,

counsel failed to notify the court, at any time prior to the commencement of cross-examination, that certain portions of such transcript were in error (see CPLR 3103 [a], [c]; Roberts v Ausable Chasm Co., 47 AD2d 979, 980 [1975]). With the absence of any showing of prejudice, we find no error.

As to the Court of Claims' dismissal of this action, we also find no error. Despite defendant's obligation "to take every reasonable precaution to protect those who are in its institutions" (Bowers v State of New York, 241 AD2d 760, 760 [1997]; see Condon v State of New York, 193 AD2d 874, 874 [1993]), claimant was required to "show that the defendant * * * had either created a dangerous condition or * * * had actual or constructive notice of the condition" (Malossi v State of New York, 255 AD2d 807, 807 [1998]; see Condon v State of New York, supra at 875); claimant failed to sustain this burden (see Malossi v State of New York, supra at 807; Condon v State of New York, supra at 874). Claimant wholly failed to show that either Dwyer or any other correction officer had actual notice that there was water on the floor (see Hamilton v Rite Aid Pharms., 234 AD2d 778, 778 [1996]) or that, if present, it had remained for any "appreciable length of time" (id. at 779; see Henness v Lusins, 229 AD2d 873, 875-876 [1996]).

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.