■ MARY M. SECORE, Respondent, v KEITH L. ALLEN et al., Appellants. [811 NYS2d 170]—

Cardona, P.J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered August 26, 2005 in Saratoga County, which denied defendants' motion for summary judgment and granted plaintiff's cross motion for, inter alia, partial summary judgment.

On February 20, 2002, plaintiff was driving her vehicle on an access road from Washington Avenue Extension to Crossgates Mall Road in Albany County, following directly behind defendant Keith L. Allen, who was operating an oversized tractor-trailer. As Allen approached the intersection at Crossgates Mall Road, he indicated that he began to make an "extra wide" swing to the left in order to navigate his vehicle to make a right turn onto Crossgates Mall Road. Allen stated that he did not use any turn signal and could not recall whether he checked his mirrors prior to making the turn. He also stated that, at this point on the access road, there was only one lane of traffic. Plaintiff, on the other hand, indicated that she was traveling behind Allen when she observed his *left* directional signal on as he approached the intersection, at which point she put her right signal on and "got in the lane to turn right," implying that the parties were traveling on a two-lane road at that time. As plaintiff steered her vehicle to the right to pass the tractor-trailer in order to make a right-hand turn, Allen began turning right as well. The two vehicles collided, with the tractor-trailer pushing plaintiff's vehicle against the guardrail.

Shortly after the accident, plaintiff began treating with chiropractor Michael Tirella,* who, in April 2002, diagnosed her as totally disabled and unable to work as a result of the accident. Plaintiff subsequently treated with a neurosurgeon, two neurologists and a physiatrist before being referred to physician James Cole, a specialist in physical medicine and rehabilitation, in January 2003. Through palpation and an electromyography/nerve conduction study (hereinafter EMG), Cole noted numerous permanent injuries all of which he opined to be causally related to the February 20, 2002 accident.

---

* Tirella observed palpable muscle spasms in plaintiff's cervical and lumbar para-vertebral muscles from C1 to T1 on the left, and from L1 to S1 bilaterally. He also found that plaintiff's range of motion in her cervical spine was decreased to 5 degrees in flexion and extension, 5 degrees in right and left lateral flexion, 30 degrees on left rotation and 20 degrees on right rotation. Tirella likewise indicated plaintiff's lumbosacral range of motion decreased to 30 degrees flexion, 5 degrees extension and 5 degrees on left and right lateral flexion.

In January 2004, plaintiff commenced this personal injury action against Allen and the owner of the tractor-trailer. Thereafter, defendants moved for summary judgment dismissing the complaint claiming that plaintiff did not sustain a serious injury under any of the categories described in Insurance Law § 5102 (d). Plaintiff cross-moved for partial summary judgment on the issue of liability and for leave to amend her complaint to add an allegation that she sustained economic losses in excess of basic loss (see CPLR 3016 [g]). Supreme Court denied defendants' motion, finding questions of fact as to the significant limitation and 90/180-day serious injury categories. The court granted plaintiff's cross motion in its entirety, prompting this appeal.

Initially, defendants dispute plaintiff's claim that she suffered a serious injury under the significant limitation of use category of Insurance Law § 5102 (d). As the proponents of the motion for summary judgment, defendants bore the initial burden of establishing that plaintiff did not suffer a serious injury under the above category (see Maye v Stearns, 19 AD3d 902, 902-903 [2005]; Hubert v Tripaldi, 307 AD2d 692, 693 [2003]). In that regard, defendants submitted an affidavit of neurologist Kevin Barron, who conducted an independent medical examination of plaintiff in December 2004. He also reviewed certain pleadings and plaintiff's medical records, prior to opining that plaintiff did not sustain any neurologic injury of a permanent nature as a result of the accident. Assuming that this proof was sufficient to shift the burden to plaintiff, we nevertheless conclude that she presented sufficient admissible medical evidence to create triable issues of fact on the significant limitation issue.

Notably, "[t]o establish . . . a significant limitation, the medical evidence must provide either a quantitative or qualitative assessment to differentiate serious injuries from mild or moderate ones" (Clements v Lasher, 15 AD3d 712, 713 [2005]; see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). We agree with Supreme Court that the proof herein satisfied that standard. The detailed affidavit from Cole establishes, among other things, that he performed several objective tests, including physical examinations, cervical and lumbosacral compression tests, manual muscle tests and an EMG. As a result of these tests and a review of plaintiff's medical records, which included documented limitations in range of motion of the cervical spine by Tirella, Cole opined that plaintiff suffered from a "neuromuscular disorder afflicting the muscles and their fascia, cervical and lumbar facet syndrome, left C5 radiculopathy, and left L5 radiculitis" and that said injuries were causally related to the February 2002 accident. Cole further described how the

limitations and restrictions of movement in plaintiff's cervical and lumbosacral spine regions fell substantially below accepted normal ranges and limited her ability to lift more than five pounds or sit, stand or walk without restriction for more than a few minutes. Significantly, Cole's opinion was rendered notwithstanding his specific acknowledgment of plaintiff's preexisting degenerative disc disease and congenital fusion, as well as her subsequent motor vehicle accident in November 2003, therefore, we find no basis to disturb Supreme Court's ruling denying defendants' motion.

In addition, we find that plaintiff met her burden under the 90/180-day category, which requires plaintiff to have suffered a "medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury" (Insurance Law § 5102 [d]; *see Monk v Dupuis*, 287 AD2d 187, 191 [2001]). Here, plaintiff avers that her injuries rendered her unable to return to her employment since the date of the accident and, additionally, they have precluded her from engaging in many of her preaccident activities, including taking her grandchildren to the park, vacuuming, laundry, dancing, dressing, cooking, taking out the garbage and operating a motor vehicle. These claims are supported by the objective medical conclusions of Tirella and Cole, both of whom indicated that plaintiff was totally disabled as a result of the accident. Cole also averred, within a reasonable degree of medical certainty, that her condition permanently and substantially impaired her ability to perform customary activities since the date of the accident herein. Notably, in the independent medical examination report, Barron explicitly acknowledged that it was possible for plaintiff's causally-related symptoms to have lasted up to 12 months after the accident. Accordingly, we conclude that defendants' motion to dismiss the 90/180-day claim was properly denied.

Next, we do not agree with Supreme Court's decision granting plaintiff's cross motion for summary judgment on the issue of liability in light of various unresolved issues of fact present in this record. Specifically, a review of the deposition testimonies of plaintiff and Allen reveal disagreement as to whether there were one or two lanes of travel on the access road where the parties' vehicles collided, and whether Allen's left-turn signal was operating prior to his right-hand turn. Significantly, on a motion for summary judgment, the facts must be viewed in the

light most favorable to the nonmoving party (*see Wells v British Am. Dev. Corp.*, 2 AD3d 1141, 1142 n 1 [2003]). Thus, for purposes of plaintiff's cross motion, this Court must accept the fact that there was only one lane of travel at the point of impact and that Allen did not signal to make a left turn. Consequently, issues of fact are present, including compliance with Vehicle and Traffic Law § 1123 if applicable, for purposes of this motion and, therefore, summary judgment to plaintiff as to liability should have been denied.

Finally, we are unpersuaded by defendants' claim that plaintiff's cross motion to amend the complaint to assert an allegation of economic loss in excess of basic loss pursuant to CPLR 3016 (g) was erroneous. Although the original complaint did not include an allegation that plaintiff suffered economic loss greater than basic economic loss, plaintiff's substituted counsel cross-moved for leave to amend the complaint shortly after being substituted. Furthermore, it is clear that the original pleading, as well as the ensuing disclosure, gave defendants ample notice of the occurrences and plaintiff's particularized losses (*see generally* CPLR 203 [f]). Moreover, the only prejudice accruing to defendants was the potential for increased liability, and that exposure alone cannot constitute sufficient reason to deny the motion (*see Warrensburg Bd. & Paper Corp. v Adirondack Hydro Dev. Corp.*, 186 AD2d 305, 306 [1992]). Thus, given the absence of, among other things, evidence of actual prejudice to defendants, we find no basis to conclude that Supreme Court abused its discretion in granting that aspect of plaintiff's cross motion (*see* 84 NY Jur 2d, Pleading § 235).

The remaining contentions advanced by the parties have been examined and found to be unpersuasive.

Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion for partial summary judgment; cross motion denied to that extent; and, as so modified, affirmed.