■ SUSAN CARD, Appellant, v HOWARD BROWN, Respondent. [840 NYS2d 840]—

Lahtinen, J. Appeal from an order of the Supreme Court (McDermott, J.), entered June 9, 2006 in Madison County, which denied plaintiff's motion for partial summary judgment on the issue of liability.

Plaintiff and defendant were involved in a motor vehicle accident in the Village of Hamilton, Madison County. Plaintiff commenced this action alleging that she sustained a serious injury in the accident. Following disclosure, plaintiff moved for partial summary judgment on the issue of liability. Supreme Court denied the motion and plaintiff now appeals.

We affirm. The proponent of a motion for summary judgment has the initial burden to come forward with proof establishing entitlement to such relief (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Jones-Barnes v Congregation Agudat Achim*, 12 AD3d 875, 876 [2004], *lv dismissed* 4 NY3d 869 [2005]). If that threshold burden is met, the opponent must respond with competent evidence raising a genuine factual issue (*see Chunn v Carman*, 8 AD3d 745, 746 [2004]). The evidence is viewed in the light most favorable to the nonmovant (*see Secore v Allen*, 27 AD3d 825, 828-829 [2006]).

The accident occurred on Utica Street, which is located in a commercial area and has a turning lane in the center of the street between two travel lanes. Plaintiff testified at her deposition that she was proceeding south in her travel lane when defendant suddenly pulled out as he attempted to cross the street from a business on the west side to a business on the east side. According to plaintiff, defendant crossed the northbound lane and the center turning lane before striking the left rear of her vehicle despite the fact that she blew her horn and attempted evasive action. This proof satisfied plaintiff's threshold burden.

In opposition, however, defendant submitted his deposition testimony in which he related that he crossed only as far as the center turning lane, he observed plaintiff coming at a rapid speed in that center lane, he stopped his vehicle, and his vehicle was then struck by plaintiff. The varying versions of the accident present factual issues for trial (*see Ramos v Rojas*, 37 AD3d 291, 292 [2007]; *Secore v Allen, supra* at 828-829). The fact that plaintiff submitted an affidavit from a police officer who stated that he interviewed both parties and that they both related to him a scenario similar to the one claimed by plaintiff does not compel a different result since defendant testified that he never spoke with the officer (*see Ramos v Rojas, supra* at 292). To the extent that plaintiff claims that certain photographs require that her motion be granted, we note that the rather poor quality photocopies of photographs in the record are insufficient to definitively dispose of the issue of liability.

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.