■ Bernabe Encarnacion, Appellant, v State of New York, Respondent. [854 NYS2d 567]—

Lahtinen, J.

Claimant brought this action contending, among other things,

that defendant was responsible for the value of items of personal property taken and not returned by employees of the Department of Correctional Services. He made a motion denoted as one for partial summary judgment (although he sought judgment on both liability and damages). The Court of Claims denied the motion and claimant now appeals.

The drastic relief of "[s]ummary judgment should not be granted where there is any doubt as to the existence of a triable issue" (*McIntyre v State of New York*, 142 AD2d 856, 858 [1988]; *see Peterson v State of New York*, 130 AD2d 813, 814 [1987]). The proof presented is viewed in the light most favorable to the nonmovant (*see Card v Brown*, 43 AD3d 594, 595 [2007]; *Walton v Albany Community Dev. Agency*, 279 AD2d 93, 94-95 [2001]). Review of the record in the light most favorable to defendant reveals that factual issues abound. The issue of who owned the law books removed from claimant's cell is not sufficiently established. The $100 that claimant contends was wrongfully deducted from his inmate account is disputed by defendant's assertion that such amount was never taken from his account. The evidence is unclear regarding the alleged removal from claimant's cell of legal materials in yellow envelopes and, if removed, whether such materials were returned to claimant. In light of the factual issues, the Court of Claims properly denied claimant's motion.

Cardona, P.J., Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.