◼ VERNON JONES, Appellant, v COUNTY OF RENSSELAER et al., Respondents. [856 NYS2d 717]—

Carpinello, J. Appeal from an order of the Supreme Court (Hummel, J.), entered March 26, 2007 in Rensselaer County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff contends that defendants were improperly granted summary judgment in this negligence action arising out of his slip and fall while an inmate at the Rensselaer County jail. It is undisputed that plaintiff slipped on water that was on the floor just outside his cell. At a General Municipal Law § 50-h hearing, he testified that, based on a conversation with other inmates after the accident, "they" surmised that the water derived from a food cart. Notably, plaintiff testified that he did not see the water prior to his fall or know of anyone else who observed it beforehand.

In support of summary judgment, in addition to persuasively noting the speculative basis underlying plaintiff's allegation that the water derived from the food cart, defendants submitted an affidavit from the facility superintendent whose job on the day of the incident included monitoring the jail. According to the superintendent, defendants had no prior notice of the puddle on which plaintiff fell that day or of a potentially recurring condition of the food cart which caused any water condition on the floor. Moreover, according to him, there was no indication as to how this particular puddle came to be or how long it existed. In opposition, plaintiff, who was proceeding pro se, only submitted a memorandum of law.*

We begin by noting that, contrary to plaintiff's contention (see n, supra), defendants' duty to him as a pretrial detainee is no different than their duty to all others housed at the Rensselaer County jail, that is, they have a duty to maintain the jail "in a reasonably safe condition under the circumstances [but are] not obligated to insure against every injury which may occur" (Smith v State of New York, 260 AD2d 819, 820 [1999]; see Preston v State of New York, 59 NY2d 997, 998 [1983]; Basso v Miller, 40 NY2d 233, 241 [1976]; Bowers v State of New York, 241 AD2d 760 [1997]). Here, defendants' submissions were certainly sufficient to make a prima facie showing of entitlement to summary judgment.

They submitted prima facie evidence demonstrating that plaintiff's allegation concerning the source of the subject puddle is pure speculation and conjecture (see e.g. Ellis v New York Racing Assn., 300 AD2d 621 [2002]; Smith v J.B.H., Inc., 300 AD2d 874, 874-875 [2002]; Sosa v Golub Corp., 273 AD2d 762 [2000]; Maiorano v Price Chopper Operating Co., 221 AD2d 698 [1995]) and further that they neither created the allegedly dangerous condition of the puddle or had actual or constructive knowledge of same (see Heliodore v State of New York, 305 AD2d 708, 709 [2003]; Malossi v State of New York, 255 AD2d 807 [1998]). Plaintiff's submission in opposition was patently insufficient to meet his shifted burden of raising a triable issue of fact. Accordingly, summary judgment was properly granted to defendants.

---

* In this memorandum of law, plaintiff essentially argued that he was owed a greater duty of care because he was a pretrial detainee. He further asserted that it was of "no concern" to him "how [the water] got [on the floor], how long it was there, or even who put it there" since it was "[d]efendants['] legal and moral obligations to clean it up, and not [his]." Suffice it to say, this submission fell short of constituting evidence in admissible form sufficient to raise a question of fact.

Peters, J.P., Kane, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.