■ Michael Reid, Appellant, v State of New York, Respondent. [875 NYS2d 641]—

Kavanagh, J. Appeal from an order of the Court of Claims (Schaewe, J.), entered March 4, 2008, which, among other things, denied claimant's motion for partial summary judgment.

Claimant, an inmate at Southport Correctional Facility in Chemung County, commenced this negligence action contending that, while being housed in the special housing unit, he slipped and fell on wet stairs as he was being transported to the recreation yard. Following joinder and discovery, claimant moved for summary judgment on the issue of liability and sought an order pursuant to CPLR 3212 (g) to limit the issues of fact to be decided at trial. Defendant cross-moved for summary judgment dismissing the claim. The Court of Claims denied both parties' motions and claimant now appeals.

We affirm. For claimant to prevail on his summary judgment motion based on his allegation that a dangerous condition existed on the stairway that caused him to fall, he must establish, as a matter of law, that defendant " 'either created [the] dangerous condition or . . . had actual or constructive notice' " of it prior to his fall (*Heliodore v State of New York*, 305 AD2d 708, 709 [2003], quoting *Malossi v State of New York*, 255 AD2d 807, 807 [1998]; *see Jones v County of Rensselaer*, 51 AD3d 1073, 1074 [2008], *lv denied* 11 NY3d 701 [2008]). The evidence presented in connection with this motion established that a triable question of fact exists as to whether the stairs were wet at the time of claimant's fall and, if they were, whether defendant had notice of the existence of this condition (*see Encarnacion v State of New York*, 49 AD3d 1038, 1039 [2008]). As such, claimant's motion for summary judgment on this ground was appropriately denied.

Claimant also argues that he was entitled to summary judgment because defendant was negligent by requiring him to descend the stairs without an escort while his hands were handcuffed in front secured to his body by a waist chain. Although handcuffing an inmate in this manner is required when transporting special housing unit inmates (*see* 7 NYCRR 305.3 [b]), defendant owes " 'a duty to use reasonable care to protect its inmates from foreseeable risks of harm' " (*Melendez v State of New York*, 283 AD2d 729, 729 [2001], *appeal dismissed* 97 NY2d 649 [2001], quoting *Leibach v State of New York*, 215 AD2d 978, 979 [1995]; *see Auger v State of New York*, 263 AD2d 929, 930 [1999]). In this regard, claimant presented evidence that, as restrained, he was not able to reach the handrail on the staircase to steady himself once he slipped or made a misstep on the stairs and began to fall. However, a review of the videotape

made while claimant was being transported does not establish that, had he not been restrained, he would have been able to grasp the handrail on the staircase once he began to fall. In addition, defendant submitted videotaped evidence demonstrating that individuals who were handcuffed like claimant could grasp the handrail while descending the staircase. Under the circumstances, we conclude that the Court of Claims properly determined that a triable issue of fact exists as to whether defendant breached its duty to protect claimant from foreseeable harm by the manner in which he was restrained and whether the restraints employed played a role in causing him to fall (*see Sanchez v State of New York*, 99 NY2d 247, 255-256 [2002]; *Gerfin v North Colonie Cent. School Dist.*, 41 AD3d 1085, 1086-1087 [2007]; *Scala v Scala*, 31 AD3d 423, 424-425 [2006]). Accordingly, claimant's motion for partial summary judgment was properly denied.

Finally, in light of the unresolved factual issues, we decline claimant's request made pursuant to CPLR 3212 (g) for an order limiting the issues to be tried (*see Van Ostberg v Crane*, 273 AD2d 895, 896 [2000]).*

Cardona, P.J., Mercure, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

* We note that claimant, in making this argument, initially only requested that a finding be entered that his "ability to use the banister" was "the only [issue]" to be decided at trial. However, in his reply brief, claimant, for the first time, attached an appendix that identified no less than 17 paragraphs of facts that should be determined prior to trial pursuant to CPLR 3212 (g).