*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 28, 2016                    520065
_____

KEITH McDAY,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date: March 25, 2016

Before: McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Keith McDay, Comstock, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Jeffrey W. Lang of counsel), for respondent.

_____

Lynch, J.

        Appeal from an order of the Court of Claims (Hard, J.), entered September 24, 2014, which denied claimant's motion for summary judgment.

        Claimant, a prison inmate, brought this claim contending, among other things, that defendant failed to return a television that was taken from his cell by the Department of Corrections and Community Supervision when he was transferred into the special housing unit. Following joinder of issue, claimant moved for summary judgment. The Court of Claims denied the motion and this appeal by claimant ensued.

        We affirm. The drastic remedy of summary judgment should only be granted where there is no doubt as to the existence of a triable issue of fact (see Encarnacion v State of New York, 49

AD3d 1038, 1039 [2008]).  Upon viewing the proof in a light most favorable to the nonmoving party, "[t]he court's function on a motion for summary judgment is issue finding not issue determination and, where a genuine issue of fact exists, summary judgment must be denied" (Gadani v Dormitory Auth. of State of N.Y., 43 AD3d 1218, 1219 [2007]).  Here, there is ambiguity as to claimant's rightful possession of the television, which precludes summary judgment.  Specifically, although claimant had a permit authorizing him to possess a television, defendant asserts that the serial number on the television at issue does not match the serial number on claimant's permit.  Defendant also asserts that correction facility rules prohibit claimant from having a television in the special housing unit.  As questions of fact exist as to whether defendant was negligent in not returning the television to claimant, the Court of Claims properly denied claimant's motion for summary judgment (see Encarnacion v State of New York, 49 AD3d at 1039).

McCarthy, J.P., Garry, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court