Sackett v State Farm Mut. Auto. Ins. Co. (2023 NY Slip Op 03274)

Sackett v State Farm Mut. Auto. Ins. Co.

2023 NY Slip Op 03274

Decided on June 15, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 15, 2023

535707
[*1]Crystal D. Sackett, Appellant,
v
State Farm Mutual Automobile Insurance Company, Respondent.

Calendar Date:April 27, 2023

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Fisher, JJ.

Hinman, Howard & Kattell, LLP, Binghamton (Jeanette N. Warren of counsel), for appellant.
Mura Law Group, PLLC, Buffalo (Brendan S. Byrne of counsel), for respondent.

Pritzker, J.
Appeal from an order of the Supreme Court (Oliver N. Blaise III, J.), entered June 16, 2022 in Broome County, which denied plaintiff's motion for, among other things, a declaration that defendant is required to pay plaintiff's medical expenses up to her policy limit.
In September 2020, the vehicle plaintiff was driving was rear-ended by a vehicle driven by Jane Mei and owned by Tak-Wing Tam, causing plaintiff multiple injuries and requiring her to undergo cervical fusion. Plaintiff is insured by defendant and had no-fault coverage up to $50,000 and additional personal injury protection (hereinafter APIP) coverage up to $50,000. Plaintiff thereafter settled with both Tam's and Mei's insurance carriers for $100,000 each, the maximum each policy permitted, and defendant paid plaintiff's medical expenses up to the policy limit of her no-fault coverage. In addition, defendant paid plaintiff $7,292.85 of her APIP coverage, but refused to pay out any additional money under the APIP coverage and informed plaintiff that it had placed a lien on the $7,292.85 that had been paid out. On February 28, 2022, plaintiff commenced the instant action alleging that her settlement was not sufficient to compensate her for the injuries she sustained and, therefore, seeking a declaratory judgment that defendant was required to pay the remainder of her APIP coverage for her medical expenses and that defendant had no right to a lien on the $7,292.85 APIP already paid to plaintiff. Only two days later, plaintiff filed an order to show cause seeking the same relief sought in the complaint. Defendant subsequently filed an answer as well as opposition to the order to show cause arguing, among other things, that the evidence did not support the sought-after declaratory relief. After a brief oral argument, Supreme Court, apparently treating plaintiff's order to show cause as a motion for summary judgment, denied plaintiff's request for declaratory judgment in both respects, finding that she had failed to show that she was entitled to further APIP benefits and that defendant was not precluded from asserting a lien on the APIP benefits already paid to plaintiff, and dismissed the complaint. Plaintiff appeals.
Initially, we discern no error with Supreme Court treating plaintiff's order to show cause, filed two days after commencement of the action, essentially as a motion for summary judgment seeking ultimate relief (see Matter of Estate of Jason v Herdman, 70 AD3d 1382, 1382 [4th Dept 2010]; Matter of Rine v Higgins, 244 AD2d 963, 964 [4th Dept 1997]). However, "[a] motion for summary judgment may not be made before issue is joined and the requirement is strictly adhered to" (Ward v Guardian Indus. Corp., 17 AD3d 1100, 1101 [4th Dept 2005] [internal quotation marks and citations omitted]; see Gerster's Triple E. Towing & Repair, Inc. v Pishon Trucking, LLC, 167 AD3d 1353, 1354 [3d Dept 2018]; Peterson v State of New York, 130 AD2d 813, 814 [3d Dept 1987]). "Particularly in an [*2]action for declaratory judgment, all of the material facts and circumstances should be fully developed before the respective rights of the parties may be adjudicated" (Matter of Rine v Higgins, 244 AD2d at 964 [internal quotation marks, brackets and citations omitted]). Accordingly, rather than reaching the merits, Supreme Court should have determined that plaintiff was barred from seeking summary judgment at the time and denied the motion as premature (see Gerster's Triple E. Towing and Repair, Inc. v Pishon Trucking, LLC, 167 AD3d at 1354-1355; Lindbergh v SHLO 54, LLC, 128 AD3d 642, 644 [2d Dept 2015]). That defendant answered and issue was joined prior to the return date of the order to show cause does not change this determination (see generally Matter of Rine v Higgins, 244 AD2d at 964). Indeed, a review of the record reveals that there are issues to be adjudicated in this action, particularly as to defendant's right to subrogration, what portion of plaintiff's settlement is for pain and suffering — and thus not subject to subrogation — and whether plaintiff has been made whole. Thus, while denial of plaintiff's motion was warranted, the basis should have been that the motion was premature. Accordingly, the complaint must be reinstated and the matter remitted for further proceedings.
Garry, P.J., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the complaint; complaint reinstated; and, as so modified, affirmed.