■ JANE FRENCH, Individually and as Administratrix of the Estates of BONNIE J. ELLIS and Another, Deceased, Appellant, v HOWARD EHRENFELD et al., Respondents.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Dickinson, J.) in favor of defendants, entered July 23, 1990 in Putnam County, upon a dismissal of the complaint at the close of plaintiff's case.

The issue here is whether Supreme Court properly dismissed plaintiff's complaint against defendants, owners of the home in which plaintiff resided with her daughter and two grandchildren. Plaintiff's daughter and two grandchildren perished in a fire therein. In dismissing the complaint at the end of plaintiff's evidence, Supreme Court held that plaintiff failed to prove that defendants had actual or constructive notice of the defective condition of the chimney.

Plaintiff's trial evidence disclosed that the fire was caused by the decomposition of the house's paper and cardboard insulation into a combustible gas. The decomposition occurred

as a result of constant exposure to furnace heat which escaped from the chimney due to gaps in the chimney's brick work. The house, which was built in the 1930s, was originally used as a summer home and had no heating system. Defendants hired a contractor to install a heating system so as to make the property rentable. Defendants did not investigate whether the chimney was suitable for use as part of a heating system nor did they engage an engineer to do so. The record is barren as to whether the contractor checked the chimney.

Plaintiff contended that defendants had constructive notice of the defective condition in that they were informed by plaintiff of unusually high heating bills, that the room abutting the chimney was the warmest room in the house and that the wall adjacent to the chimney was buckling. Plaintiff also contended that defendants created the defective condition which caused the fire by failing to inspect the chimney to determine whether it could safely carry heat from the furnace which they had installed.

There should be a reversal. Supreme Court erred in foreclosing plaintiff from presenting evidence through its expert witness that defendants created the defective condition by failing to exercise reasonable care and caution when installing the heating system. The expert witness offered to testify to the customary and usual practice of having a chimney inspected prior to hookup with a heating system. The court denied the offer as speculative, denominating such testimony as "hindsight". This was an improvident exercise of discretion. Proof of customary practice within a particular trade is admissible to establish a standard of care (see, Trimarco v Klein, 56 NY2d 98, 105-107). Because the standard of care in installing the heating system was the crux of plaintiff's case, exclusion of proof regarding that standard constituted reversible error.

Weiss, P. J., Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.