◼ Veronica Guldy, Respondent, v Pyramid Corporation, Doing Business as Hudson Valley Mall, Appellant. [634 NYS2d 788] —Mercure, J. P. Appeal from an order of the Supreme Court (Torraca, J.), entered February 9, 1995 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff, an 80-year-old woman, brought this action to recover for injuries she sustained when she stumbled and fell in the course of stepping from a concrete sidewalk to a macadam parking lot at defendant's shopping mall. Defendant appeals Supreme Court's denial of its motion for summary judgment dismissing the complaint, and we reverse.

In view of defendant's evidentiary showing that the subject sidewalk and curb conformed to all applicable building codes and zoning ordinances and was in good repair, free of visible defects and constructed according to accepted industry standards (see, Wessels v Service Mdse., 187 AD2d 837), we need only consider whether plaintiff met her burden of opposing the motion with evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which she rests her claim or an acceptable excuse for her failure to do so (see, Zuckerman v City of New York, 49 NY2d 557, 562). More particularly, the inquiry centers upon the affidavit of Harlan Fair, a professional engineer, and his opinion that "[i]t is custom and practice in the shopping centers to mark the curb with yellow paint at the step down from sidewalk to drive

[pavement]", that "[t]he single step without warning of colorant paint, stripes, warning signs, etc. is a specific hazard as outlined in NFPA 101, The Life Safety Code, Article 5-1.6" and that "the single step down without appropriate warning of colored curb stripes was the proximate cause of [plaintiff's accident]".

Fundamentally, an expert's opinion can have no greater probative value than the facts or data upon which it is based (see, *Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533-534, n 2; *Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328, 335; *Fallon v Hannay & Son*, 153 AD2d 95, 101-102). Our review of the record leads us to the conclusion that Fair's opinion is wholly lacking in competent foundational data and thus entitled to no weight. Initially, our reading reveals that the cited article of the Life Safety Code Handbook concerns itself exclusively with changes in level in means of egress. It has no discernible application to exterior site features as were present in this case. Moreover, striping on the leading edge of a stepping surface is but one of the handbook's recommended methods of highlighting the location of a step. The use of contrasting colors and textures, as were present here in the transition from a grey concrete sidewalk to a black macadam parking lot, is specifically identified as a permissible alternative. Second, although evidence of custom and industry practice is admissible to establish a standard of care (see, *French v Ehrenfeld*, 180 AD2d 895, 896), here the claim of a deviation from industry custom and usage is based upon nothing but the professed practice of three area malls and is supported only by unintelligible photographs.

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.