■ MARY PHILLIPS et al., Appellants, v McCLELLAN STREET ASSOCIATES et al., Respondents. [691 NYS2d 598] —Graffeo, J. Appeal from an order of the Supreme Court (Caruso, J.), entered September 11, 1998 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Mary Phillips (hereinafter plaintiff), and her husband derivatively, commenced this action to recover for injuries plaintiff sustained as the result of a slip and fall which occurred in a supermarket operated by defendants Golub Corporation and Price Chopper Operating Company (hereinafter collectively referred to as Price Chopper). The accident was allegedly caused by the presence of a grape on the floor in the produce section of the supermarket. Approximately

10 minutes prior to the accident, an employee of Price Chopper had swept and mopped the floor in front of the grape display. After the floor was cleaned but prior to plaintiff's fall, two women were observed handling the grapes in the area of the incident. Defendants' motion for summary judgment dismissing the complaint was granted by Supreme Court and plaintiffs now appeal.

Plaintiffs primarily contend that Supreme Court improperly rejected the affidavit of their expert submitted in opposition to defendants' motion for summary judgment.* Plaintiffs' expert opined that Price Chopper failed to conform to industry standards in that the grapes offered for sale were not packaged in plastic bags or "jet netting" and that the mat on the floor was not "doubled up" to prevent the grapes from rolling onto the floor.

Clearly, evidence of industry practice and standards is admissible to establish a duty of care (see, Guldy v Pyramid Corp., 222 AD2d 815, 816; French v Ehrenfeld, 180 AD2d 895, 896), but it is axiomatic that an expert's affidavit proffered in opposition to a motion for summary judgment must contain more than mere conclusory assertions (see, Romano v Stanley, 90 NY2d 444, 451-452; Amatulli v Delhi Constr. Corp., 77 NY2d 525, 533, n 2; Phillips v Northway Mall Assocs., 243 AD2d 786, 787). Here, plaintiffs' expert was president of a firm which provided consulting services to supermarkets and other retailers. His affidavit contains no more than conclusory opinions with respect to a deviation from an alleged industrywide practice of displaying grapes and, as such, is insufficient to raise a triable issue of fact to defeat defendants' motion for summary judgment (see, Amatulli v Delhi Constr. Corp., supra, at 533).

Additionally, the expert's affidavit is without any semblance of a foundation to support his opinion or the existence of common knowledge and practice within the supermarket industry (see, Paciocco v Montgomery Ward, 163 AD2d 655, 657, lv denied 77 NY2d 808; see also, Guldy v Pyramid Corp., supra, at 816). As such, the expert's affidavit, which is the sole evidence upon which plaintiffs base their case, is speculative and of insufficient probative force to raise an issue of fact (see,

---

* Inasmuch as plaintiffs, on appeal, do not challenge Supreme Court's determination that Price Chopper had neither actual nor constructive notice that grapes were on the floor, or that Price Chopper caused or created the condition, these issues are deemed abandoned (see, Gibeault v Home Ins. Co., 221 AD2d 826, 827, n 2; Transamerica Commercial Fin. Corp. v Matthews of Scotia, 178 AD2d 691, 692, n 1).

*Pigliavento v Tyler Equip. Corp.*, 248 AD2d 840, 842, *lv denied, lv dismissed* 92 NY2d 868; *Paciocco v Montgomery Ward, supra,* at 657; *Fallon v Hannay & Son*, 153 AD2d 95, 101-102). We therefore conclude that Supreme Court's order granting summary judgment to defendants was correct.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.

