■ HARRIETT POLLACK, as Executor of LEO BLODY, Deceased, Respondent, v FITZGERALD's DRIVING SCHOOL, INC., Appellant. (And a Third-Party Action.) [708 NYS2d 165] —In an action to recover damages for wrongful death, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered July 29, 1999, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed.

In support of its cross motion for summary judgment, the defendant submitted evidence demonstrating that it was not negligent in evaluating the driving ability of Helen Blody, and certifying that she had demonstrated "adequate basic skills" to drive without special adaptive devices for the physically impaired. In opposition to the cross motion, the plaintiff submitted the affidavit of a driver rehabilitation specialist, who had no personal knowledge of Blody's medical condition, and who based his opinion upon general knowledge that stroke victims suffer perceptual and cognitive deficiencies. In any event, the expert's affidavit was thus insufficient to establish that Blody suffered perceptual and cognitive deficiencies which rendered her unable to drive safely. The expert did not indicate that Blody had any perceptual or cognitive difficulties which may have caused or contributed to the accident which killed the plaintiff's decedent. The affidavit contained no evidence that the defendant departed from an accepted standard of care within the rehabilitative driving school industry in evaluating Blody's driving skills. Under these circumstances, the plaintiff failed to raise an issue of fact as to whether the defendant negligently evaluated Blody's driving ability, and, if so, whether any such negligence was a proximate cause of the accident (*see, Romano v Stanley,* 90 NY2d 444; *Phillips v McClellan St. Assocs.,* 262 AD2d 748; *Aghabi v Sebro,* 256 AD2d

287). Bracken, J. P., Sullivan, Altman and Krausman, JJ., concur.