■ WANDA J. MURRAY et al., Plaintiffs, v GLOBAL INDUSTRIAL SERVICES, INC., Defendant and Third-Party Plaintiff-Respondent. LORAL FAIRCHILD SYSTEMS, Third-Party Defendant-Appellant. [737 NYS2d 296] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Nassau County (Brandveen, J.), entered March 9, 2000, which, inter alia, denied that branch of its motion which was for summary judgment.

■ WANDA J. MURRAY et al., Appellants, v GLOBAL INDUSTRIAL SERVICES, INC., Defendant and Third-Party Plaintiff-Respondent. LORAL FAIRCHILD SYSTEMS, Third-Party Defendant-Respondent. [736 NYS2d 609] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated November 9, 2000, which granted the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint, and granted those branches of the cross motion of the third-party defendant which were for summary judgment dismissing the complaint and for summary judgment against the defendant third-party plaintiff.

Ordered that the appeal from so much of the order as granted that branch of the third-party defendant's cross motion which was for summary judgment against the defendant third-party plaintiff is dismissed, as the plaintiffs are not aggrieved by that portion of the order (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff Wanda J. Murray alleges she slipped and fell in the hallway of the building where she was employed by the third-party defendant, Loral Fairchild Systems (hereinafter Loral). She and her husband commenced this action against the defendant, Global Industrial Services, Inc., the maintenance company retained to provide custodial services for the building, which, in turn, impleaded Loral. Subsequently, the Supreme Court, inter alia, granted summary judgment dismissing the complaint.

The respondents made a prima facie showing of their entitlement to judgment dismissing the complaint as a matter of law. The affidavit of the plaintiffs' expert submitted in opposition was insufficient to raise a triable issue of fact (*see, Guarino v La Shellda Maintenance Corp.*, 252 AD2d 514; *Beyda v Helmsley Enters.*, 245 AD2d 479; *Guldy v Pyramid Corp.*, 222 AD2d 815). Consequently, the Supreme Court properly awarded summary judgment dismissing the complaint. Altman, J.P., Feuerstein, O'Brien and H. Miller, JJ., concur.