CAROL ALGER et al., Appellants, v CVS MACK DRUG OF NEW YORK, LLC, Sued Herein as CVS PHARMACY, INC., et al., Respondents. [833 NYS2d 289]—

Cardona, P.J. Appeal from an order of the Supreme Court (Catena, J.), entered June 23, 2006 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Carol Alger (hereinafter plaintiff) asserts that, on May 25, 2000, she tripped and fell as she stepped onto the curb in front of a pharmacy operated by CVS Mack Drug of New York, LLC (sued herein as defendant CVS Pharmacy, Inc.). The record demonstrates that CVS subleased the pharmacy from defendant Price Chopper Operating Company, Inc., which is owned by defendant Golub Corporation. Thereafter, plaintiff and her husband, derivatively, commenced this negligence action alleging, among other things, that plaintiff's fall and subsequent injuries were caused by defects with respect to the curb,

particularly, the lack of uniformity in its height[1] and the absence of paint which would highlight that difference to pedestrians.

Following joinder of issue, all defendants moved for summary judgment. Supreme Court granted summary judgment to CVS based on certain provisions contained in the sublease agreement between it and Price Chopper whereby Price Chopper, as lessor, was listed as responsible for the maintenance and repair of all common areas, including the subject curb. Furthermore, the court granted summary judgment to Price Chopper and the Golub Corporation (hereinafter collectively referred to as defendants) on the basis that no triable issues were presented. This appeal ensued.[2]

In our view, summary judgment was properly awarded to defendants. Notably, in support of their motion, defendants submitted, among other things, expert affidavits which sufficiently demonstrated that the "curb conformed to all applicable building codes and zoning ordinances and was in good repair, free of visible defects and constructed according to accepted industry standards" (*Guldy v Pyramid Corp.*, 222 AD2d 815, 815 [1995]). That proof, along with photos of the curb taken around the time of the accident, was sufficient to establish, prima facie, defendants' entitlement to summary judgment (*see Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]).

In response, plaintiffs submitted an affidavit from a licensed professional engineer who, noting the height discrepancy between the curb's original design specifications and the curb as actually constructed, opined that the sloping height of the curb created a tripping hazard and violated sound engineering and construction standards. While it is correct that the design specifications for the new curb called for a uniform height in front of the pharmacy entrance, plaintiffs' expert provided no foundational evidence that the apparent difference violated any specific industry standards "or otherwise constitute[d] a deviation from accepted practice" (*Browne v Big V Supermarkets*, 188 AD2d 798, 799 [1992], *lv denied* 81 NY2d 708 [1993]; *see Phillips v McClellan St. Assoc.*, 262 AD2d 748, 749 [1999]; *Guldy v Pyramid Corp., supra* at 816). Nor was there support or foundational

1. The record indicates that the curb sloped from two to six inches in height.

2. Although plaintiffs' notice of appeal states their intention to appeal from the entirety of the subject order, they specifically state in their brief that they are not appealing "from that part of Supreme Court's order which granted summary judgment to defendant CVS." Accordingly, we will not address that aspect of the court's decision.

proof substantiating his conclusory opinion that the fact that the curb was not highlighted "with a highly visible paint" violated good industry practices (*see id.*). Moreover, it appears from the information in this record that painting the curb a bright color was unnecessary inasmuch as the curb's grey color and texture contrasted sufficiently with the surrounding black pavement to provide a visual clue for pedestrians (*see Guldy v Pyramid Corp., supra* at 816). Given that the statements in the affidavit from plaintiffs' expert are "speculative [and] unsupported by any evidentiary foundation," we agree with Supreme Court that defendants were entitled to summary judgment in their favor (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *see Phillips v McClellan St. Assoc., supra* at 749; *Guldy v Pyramid Corp., supra* at 816).

Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.