MARY GONZALEZ, Also Known as MARIANA RIVERA, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 104279.) [875 NYS2d 327]—

Lahtinen, J. Appeal from a judgment of the Court of Claims (Ferreira, J.), entered December 17, 2007, upon a decision of the court following a bifurcated trial in favor of defendant on the issue of liability.

In May 2000, claimant, accompanied by her sister and niece, visited her son at Greene Correctional Facility in Greene County as she had some 20 times previously. When proceeding from the Visit Process Building to the Administration Building, she fell while attempting to descend two wooden steps. She brought this action and, at the ensuing nonjury trial on the issue of li-

ability, claimant sought to prove that an uneven or sloping nose board and the lack of a handrail constituted unsafe conditions that caused her fall. Faced with conflicting expert testimony, the Court of Claims did not credit key parts of the testimony of claimant's expert and further characterized various testimony of claimant and her sister as self-serving and biased. The Court of Claims concluded that claimant failed to satisfy her burden of proof and dismissed the claim. Claimant appeals.

When reviewing an appeal from a nonjury trial, we have broad authority to independently consider the evidence and render a determination warranted by the record (*see Jackson v State of New York*, 51 AD3d 1251, 1252 [2008]; *White v State of New York*, 41 AD3d 1071, 1072 [2007]). However, since the trial court has the advantage of observing the witnesses as they testified, we typically accord deference to its credibility assessments (*see Newland v State of New York*, 205 AD2d 1015, 1016 [1994]; *Saulpaugh v State of New York*, 132 AD2d 781, 782 [1987]).

"As a landowner, [defendant] owes the same duty of care as that of a private individual: the duty to exercise reasonable care under the circumstances in maintaining its property in a safe condition" (*Mesick v State of New York*, 118 AD2d 214, 216-217 [1986], *lv denied* 68 NY2d 611 [1986] [citations omitted]; *see Preston v State of New York*, 59 NY2d 997, 998 [1983]). In a slip and fall case such as this, claimant has the burden of establishing a dangerous or defective condition that defendant created or had knowledge (actual or constructive) of, and that such condition was a cause of the accident (*see Seaman v State of New York*, 45 AD3d 1126, 1127 [2007]; *Heliodore v State of New York*, 305 AD2d 708, 709 [2003]; *Malossi v State of New York*, 255 AD2d 807, 807 [1998]).

Claimant's expert testified that the nose board violated the building code since it was not level. A violation of the building code, while not negligence per se, does provide some evidence of negligence (*see Elliott v City of New York*, 95 NY2d 730, 734-735 [2001]; *Avina v Verburg*, 47 AD3d 1188, 1188-1189 [2008]). Claimant's expert, however, did not visit the site until over four years after the accident, leading the Court of Claims to question whether the stairs were in the same condition as when the accident occurred. More significantly, the court specifically concluded that the condition depicted in the various photographs did not constitute a dangerous or defective condition. As for the absence of a handrail, the Court of Claims' findings included its determination that such condition was not a proximate cause of claimant's accident. Since the dispositive findings of the trial court were based largely on credibility determinations made by

the trier of fact and those determinations are supported by a reasonable interpretation of the evidence in the record, we are unpersuaded to reverse.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.