█ Lorraine K. Sullivan et al., Respondents, v FC Bruckner Associates, L.P., Sued Herein as Bruckner Plaza Associates, L.P., et al., Appellants. FC Bruckner Associates, L.P., Sued Herein as Bruckner Plaza Associates, L.P., et al., Third-Party Plaintiffs-Respondents, v MCG Architects, Also Known as McClellan, Cruz, Gaylord & Associates, Third-Party Defendant-Appellant. FC Bruckner Associates, L.P., Sued Herein as Bruckner Plaza Associates, L.P., et al., Second Third-Party Plaintiffs-Respondents, v York Hunter of New York, Inc., Second Third-Party Defendant-Appellant-Respondent. MCG Architects, Also Known as McClellan, Cruz, Gaylord & Associates, Third Third-Party Plaintiff-Respondent, v McHenry & Associates, Inc., Third Third-Party Defendant-Appellant. (And a Fourth-Party Action.) FC Bruckner Associates, L.P., Sued Herein as Bruckner Plaza Associates, L.P., et al., Fifth Third-Party Plaintiffs-Respondents, v R & L Construction Management Corp., Fifth Third-Party Defendant-Appellant-Respondent. [878 NYS2d 719]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about October 31, 2008, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint, second third-party defendant York Hunter of New York, Inc.'s motion for summary judgment dismissing the complaint or, in the alternative, dismissing the second third-party complaint and all cross claims as against it, and fifth third-party defendant R & L Construction Management Corp.'s motion for summary judgment dismissing defendants' claims against it for indemnification and contribution, unanimously modified, on the law, to grant R & L's motion in its entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly. The caption is amended to substitute FC Bruckner Associates, L.P. and First New York Management, Inc. as defendants and third-party plaintiffs.

After shopping at a store in defendants' newly constructed

shopping center, at about 9 o'clock on a December night, plaintiff fell when she did not see the curb at the edge of the platform outside the store. The platform was the same color and texture as the concrete surface of the parking deck. The record indicates that lighting and paint demarcations required by plans for the shopping center had yet to be installed. Plaintiff's expert opined that the conditions were dangerous and traplike and that the failure to properly mark and illuminate the transition was a proximate cause of plaintiff's injury. Third-party defendant York Hunter's expert opined that the platform and parking deck complied with all applicable building codes and regulations and that it was customary for curbs to be unpainted. A question of fact exists whether the condition complained of was inherently dangerous (see *Chafoulias v 240 E. 55th St. Tenants Corp.*, 141 AD2d 207, 211 [1988]; *O'Neil v Port Auth. of N.Y. & N.J.*, 111 AD2d 375 [1985]; *Alger v CVS Mack Drug of N.Y., LLC*, 39 AD3d 928, 930 [2007]).

The third-party defendants cannot avoid liability under their indemnification agreements simply because the party named as the owner in those agreements was not named by plaintiff in the summons and complaint. The actual owner accepted service, appeared, and answered, acknowledging that it had been sued herein under a different name. Neither third-party defendant claims prejudice as a result of the error. These circumstances would warrant amendment of the summons and complaint to correct the error (see *Fink v Regent Hotel*, 234 AD2d 39, 41 [1996]), and the caption is hereby so amended.

R & L Construction Management, however, established its entitlement to dismissal of the indemnification and contribution claims against it on the ground that plaintiff's claim does not arise out of its performance or nonperformance of its work under the contract or out of any alleged negligence on its part. Plaintiff's allegations of negligence are based on the failure to paint or demarcate the curb and the inadequacy of the lighting, which are unrelated to R & L's concrete work on the platform. Concur—Tom, J.P., Andrias, Saxe, Moskowitz and DeGrasse, JJ.