■ Lindsay McKee, Respondent, v State of New York, Appellant. [906 NYS2d 632]—

McCarthy, J. Appeal from a judgment of the Court of Claims

---

* A speed trailer is a device placed on the side of the road that informs motorists how fast they are driving.

(Midey Jr., J.), entered May 7, 2009, upon a decision of the court in favor of claimant.

Claimant was injured when she fell after tripping on an elevated doorway sill located at the main entrance to a building on the campus of the State University of New York at Cortland. She commenced this negligence action alleging that her fall was caused by the dangerous and defective condition of the door sill. Following a bifurcated trial on the issue of liability, the Court of Claims determined that defendant was responsible for an unsafe condition on its property, but found that claimant was 40% responsible for her injuries. The court then conducted a damages trial and entered judgment in claimant's favor. Defendant appeals, contesting only the finding of liability.

Claimant did not establish that the layout of the door sill constituted a design defect. The doorway was built some time between 1958 and 1961, without any design alterations to the sill itself since that time. The door sill was almost 10 feet long, 18 inches wide and 5 1/4 inches high. People exiting the building had to step down the 5 1/4 inches from the gray granite sill to a multicolored slate patio. The Court of Claims ruled that no building code violations were at issue, so the design would have to be measured solely against industry standards. Although claimant's architectural expert opined, based on his education and experience, that the design of the door sill deviated from accepted standards of construction at the time that the building was constructed, he did not provide foundational evidence of any specific industry standards that were violated (see Alger v CVS Mack Drug of N.Y., LLC, 39 AD3d 928, 929 [2007]; see also Gernat v State of New York, 23 AD3d 1015, 1015 [2005]). According to the basis brought forth through his testimony, the expert's opinion—that public facilities should be kept smooth and straight and obstacles should be avoided—appears to be his personal design preference, rather than an industry standard (see Alger v CVS Mack Drug of N.Y., LLC, 39 AD3d at 929-930; Phillips v McClellan St. Assoc., 262 AD2d 748, 749 [1999]). Without proof of code violations or deviation from standards accepted by the industry, claimant failed to establish that the door sill was defectively designed.

Even without proof of a design defect, defendant could be liable for common-law negligence due to a failure to remedy or warn of a dangerous or defective condition (see Wilson v Proctors Theater & Arts Ctr. & Theater of Schenectady, 223 AD2d 826, 829 [1996]). In reviewing a nonjury verdict, this Court may independently consider the probative weight of the evidence and render the judgment warranted by the facts, while giving

deference to the trial court's credibility determinations (*see Gonzalez v State of New York*, 60 AD3d 1193, 1194 [2009], *lv denied* 13 NY3d 712 [2009]; *Vachon v State of New York*, 286 AD2d 528, 530 [2001]). Photographs show that the height differential from the patio to the sill is apparent when entering the building, but that the step down directly from the door sill is hidden or at least difficult to see when exiting. Defendant is obligated to keep its premises safe, which includes a duty to warn of a condition that is dangerous and not obvious. There was no warning of the step down from the door sill when exiting the building, and claimant testified that part of the reason she fell was because she did not notice that the patio was lower than the doorway. Defendant's expert testified that the contrast in color and texture between the granite sill and slate patio provided sufficient visual cues to make pedestrians aware of the transition, but claimant's expert disagreed (*cf. Alger v CVS Mack Drug of N.Y., LLC*, 39 AD3d at 930; *Guldy v Pyramid Corp.*, 222 AD2d 815, 816 [1995]). A photograph taken from the perspective of someone exiting the building supported the position of claimant's expert on that issue. Although the sill had been painted bright yellow at some point, testimony and photographs established that the paint had worn away over the years and only light patches of it remained at the time of claimant's fall.

Defendant cannot be held liable for failing to warn of a condition if it was not on notice that the condition was dangerous. Defendant's employee testified that no accidents had been reported concerning the subject doorway in at least eight years prior to claimant's fall. While notice is not required where a defendant created the dangerous or defective condition (*see Knapp v Golub Corp.*, 72 AD3d 1260, 1261 [2010]; *Hagin v Sears, Roebuck & Co.*, 61 AD3d 1264, 1264-1266 [2009]), our finding that claimant failed to establish a design defect requires notice to support a determination of negligence against defendant. Because the record does not contain proof of any notice to defendant regarding the dangerousness of the height differential, that condition cannot form the basis of a negligence finding.

Aside from that condition, however, the Court of Claims apparently credited claimant's testimony that the sill was crumbly or uneven in the spot where she stepped, causing her to teeter forward and fall (*compare Diehr v Association for Retarded Citizens of Chemung County*, 233 AD2d 818, 820 [1996]). Photographs of the sill show visible deterioration or spalling of the granite (*compare Gonzalez v State of New York*, 60 AD3d at 1194). The experts testified that the spalling occurred due to

the surface being worn down over time. The granite sill had been in place since the building was constructed more than 40 years prior to claimant's fall. While defendant's expert testified that spalling would actually improve traction, the court did not seem to credit that testimony. The evidence supports a determination that defendant's failure to maintain the sill created a dangerous condition that contributed to claimant's injuries. Defendant's maintenance and administrative employees worked in the building, traveling through the subject doorway daily, providing them with constructive notice of the deteriorated condition of the sill. Based on defendant's failure to maintain the sill from crumbling and deteriorating into an uneven surface, defendant was liable to claimant in negligence for allowing a dangerous condition to exist, which resulted in claimant's injuries.

Peters, J.P., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.