*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 23, 2015                    520130
_____

BECKY LONG,
                    Appellant,

        v

                                          MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:   May 29, 2015

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        LaFave, Wein & Frament, PLLC, Guilderland (Matthew T.
Fahrenkopf of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Jeffrey W.
Lang of counsel), for respondent.

_____

McCarthy, J.P.

        Appeal from a judgment of the Court of Claims (Collins,
J.), entered March 18, 2014, upon a decision of the court in
favor of defendant.

        In March 2010, claimant sustained a fall in a parking lot
at Belleayre Mountain, a ski resort owned and operated by
defendant.  Claimant subsequently commenced this action against
defendant, alleging that it negligently maintained the premises
in question and that, as a result, she had fallen and sustained
injuries when her foot struck the edge of a crevice in the
pavement of the parking lot.  Following a trial, the Court of
Claims found in favor of defendant on the ground that claimant
failed to demonstrate that the alleged dangerous condition was
the proximate cause of her injuries.  Claimant appeals and we

affirm.

Claimant failed to prove by the preponderance of the evidence that the alleged dangerous condition was a proximate cause of her fall. When reviewing a decision rendered following a nonjury trial, this Court independently considers the probative force of the evidence presented but affords considerable deference to the trial court's credibility determinations (see McKee v State of New York, 75 AD3d 893, 894-895 [2010]; Gonzalez v State of New York, 60 AD3d 1193, 1194 [2009], lv denied 13 NY3d 712 [2009]; Grover v State of New York, 294 AD2d 690, 691 [2002]). As is relevant here and in order to establish her claim that defendant negligently maintained the premise, claimant bore the burden of proving, by a preponderance of the evidence, that a dangerous condition was a proximate cause of her injuries (see Gonzalez v State of New York, 60 AD3d at 1194; Hilts v Board of Educ. of Gloversville Enlarged School Dist., 50 AD3d 1419, 1420 [2008]; see e.g. Pipp v Guthrie Clinic, Ltd., 80 AD3d 1014, 1015 [2011]; Bray v McGillicuddy's Tap House, Ltd., 41 AD3d 1069, 1071 [2007]).

At trial, claimant testified that, when she and her husband arrived at Belleayre, her husband exited their car and began "vaulting" toward the ticket counter. Claimant proceeded to grab skiing poles and a bag and then she shut the car door and locked the car. Claimant further testified that she repeatedly called ahead to her husband to slow down, but that he did not. Although she denied that she rushed in any manner in order to catch up with her husband, claimant also testified that her husband was only four feet in front of her at the time of her fall. Claimant testified that her fall was caused by her foot striking the edge of a crevice in the pavement, and she identified the crevice in a photograph entered into evidence. That photograph establishes that a visible crack in the pavement runs parallel — rather than perpendicular — to the path that claimant identified as taking. A member of the ski patrol that responded to claimant after her fall testified at a deposition that claimant did not report that any unevenness in the pavement caused her fall. She also testified that she found claimant on the ground in an area of dirt. In contrast, claimant testified that she informed ski patrol personnel, when they arrived, that the crevice caused her

fall.

As a result of the foregoing evidence, and after observing claimant testify, the Court of Claims discredited claimant's testimony that her foot struck the crevice before her fall. As a result, the court found that claimant failed to meet her burden of establishing proximate cause. As no other witnesses observed claimant's fall, claimant's testimony that the crevice was a cause of her fall was crucial to her ability to meet her burden. Deferring to the Court of Claims' determination that claimant's testimony that her foot struck the raised side of the crevice was incredible, we find no reason to disturb its conclusion that claimant failed to establish proximate cause (see Gonzalez v State of New York, 60 AD3d at 1194-1195; Munno v State of New York, 266 AD2d 694, 695 [1999]).

Our determination renders the remaining arguments, including defendant's arguments regarding alternative grounds for affirmance, academic.

Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court