Murphy v State of New York (2020 NY Slip Op 06326)





Murphy v State of New York


2020 NY Slip Op 06326


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

529657

[*1]Donna Murphy et al., Appellants,
v
State of New York, Respondent.

Calendar Date: September 15, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Learned, Reilly, Learned & Hughes, LLP, Elmira (Diana L. Hughes of counsel), for appellants.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Court of Claims (Midey Jr., J.), entered January 24, 2019, upon a decision of the court following a bifurcated trial in favor of defendant on the issue of liability.
In October 2012, claimant Donna Murphy was traversing an asphalt path in Robert H. Treman State Park when she tripped and fell on a set of cement steps that were located by a cabin. Murphy and her spouse, derivatively, commenced this action alleging that defendant was negligent in creating and allowing the subject steps to constitute a dangerous condition, causing Murphy to fall and sustain serious injuries. Following a bifurcated nonjury trial on the issue of liability, the Court of Claims issued a decision wherein it found that defendant was not negligent because the steps did not constitute a dangerous condition. A judgment embodying the court's decision was subsequently entered, from which claimants appeal. We affirm.
"Upon this appeal from a judgment issued after a nonjury trial, we independently review the weight of the evidence, accord due deference to the trial judge's credibility assessments and factual findings and grant the judgment warranted by the record" (Lake v State of New York, 151 AD3d 1425, 1425 [2017] [citations omitted]; see McKee v State of New York, 75 AD3d 893, 894-895 [2010]; Gonzalez v State of New York, 60 AD3d 1193, 1194 [2009], lv denied 13 NY3d 712 [2009]). A landowner has a duty to maintain its property in a reasonably safe condition in view of all the circumstances (see Peralta v Henriquez, 100 NY2d 139, 144 [2003]; Hansford v Wellsby, 149 AD3d 1603, 1603 [2017]). "In a [trip] and fall case such as this, claimant[s] [have] the burden of establishing a dangerous or defective condition that defendant created or had knowledge (actual or constructive) of, and that such condition was a cause of the accident" (Gonzalez v State of New York, 60 AD3d at 1194 [citations omitted]; see Fernandez v State of New York, 130 AD3d 566, 567 [2015]; McKee v State of New York, 75 AD3d at 895-896).
The evidence presented at trial establishes that the steps were installed many decades before Murphy's fall and were made out of poured concrete that was surrounded by packed dirt. Claimants' expert testified that, based upon his inspection more than four years after the subject accident, the subject steps were uneven, tilted and enveloped in "inherently slippery" moss caused by poor maintenance. Furthermore, he opined that the subject steps were regulated by certain property maintenance codes under which their condition was classified as hazardous. Claimants also offered the testimony of a retired park manager, who stated that the steps were maintained twice a year and that he was never made aware of any other accidents or complaints involving the subject steps.
A park officer who responded to Murphy's accident testified on behalf of defendant and described using the subject steps on several occasions and denied ever having experienced a problem with them. Similar to the retired park manager, the park officer testified that he was never informed of any accidents or complaints involving the subject steps. Defendant also proffered the expert testimony of a landscape architect who classified the subject steps as "trail steps," as opposed to egress steps, such that the park officials were not obligated to routinely inspect them in accordance with the property maintenance codes cited by claimants' expert. Defendant's expert likewise stated that, when the subject steps were created, there was no property maintenance code in effect at that time mandating how the steps were to be constructed. In his opinion, the expert concluded that the steps were non-hazardous.
We agree with the Court of Claims' finding that the subject steps were not a dangerous condition. The court credited the proof submitted by defendant that the subject steps were "trail steps" and that they were not intended as a means of egress to or from the cabins. As such, the court reasoned that they were not subject to certain codes referenced by claimants' expert. The court further noted that, based upon the expert testimony offered by defendant, the subject steps were constructed before the codes were in effect. The trial evidence also supports the court's findings that defendant was not aware of any accidents having occurred on the subject steps and that the steps were not hazardous. Claimants submitted evidence to the contrary, but the court was free to credit defendant's evidence over that of claimants. Accordingly, upon our independent review of the record, while also according deference to the court's credibility assessments, we see no basis to disturb the court's determination (see McKee v State of New York, 75 AD3d at 895). Claimants' remaining contentions have been examined and are without merit.
Egan Jr., J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.